JNO. SARAHASS, *et al.,* *Trustees, &c.,* v. LUCY B. ARMSTRONG.

1. JUDICIAL NOTICE; *Church Organizations.* The courts do not take judicial notice of the general organization of the Methodist Episcopal Church, its administration and control over local churches of that denomination, and their property.

2. ACT OF CONGRESS; *Relief of Mission Church of Wyandotte Indians.* The act of July 28, 1866, entitled "An act for the relief of the trustees and stewards of the Mission Church of the Wyandotte Indians," appears upon its face to be a grant to a church organization among and of Wyandotte Indians, and made by virtue of the governmental protection over these wards of the nation.

3. ———— A society of Wyandotte Indians was the beneficiary; and though the Wyandotte nation removed from the limits of the state of Kansas, yet while that society was continued in existence among

them, the parties recognized by the nation as the trustees thereof are the legal custodians of the fund, and may maintain an action in the courts of this state to recover it from one to whom it had been loaned prior to the removal.

### Error from Wyandotte District Court.

FORECLOSURE of mortgage, brought by "John Sarahass, William Johnson, and George Peacock, Trustees of the Methodist Episcopal Church, Wyandotte and Quindaro Mission, Kansas Conference, plaintiffs," against Lucy B. Armstrong, defendant. Defendant gave to John Sarahass, Jacob Whitecrow, William Johnson, and John Brown, as trustees, etc., her note for $1100 and interest, on which she had paid $62 as interest. The defense was, that "said plaintiffs are not the trustees of the M. E. Church, Wyandotte and Quindaro Mission, Kansas Conference, nor have they any power or authority to collect any money or transact any business for said church." Trial at the March Term 1874. The court found, as a conclusion of fact, "that the plaintiffs Sarahass, Johnson and Peacock are not the lawful trustees of the Methodist Episcopal church for the Wyandottes, to sue for and collect the note set out in their petition against defendant, for the reason that they had all emigrated beyond the bounds of the Kansas Conference, and away from the locality where they resided in Wyandotte county, Kansas, at the time said note and mortgage were executed by defendant" —and thereupon gave judgment in favor of the defendant for costs. The plaintiffs appeal, and bring the case here on error.

D. B. Hadley, for plaintiffs.

Cook & Sharp, for defendant.

The opinion of the court was delivered by

BREWER, J.: In July 1866, congress enacted as follows: "That for refunding to Jacob Whitecrow, John Sarahass, and others, trustees and stewards of the Wyandotte and Quindaro Mission, of the Kansas Conference of Methodist Episcopal

Church, for the destruction of their church-building and library, $4,680, to be applied in rebuilding said buildings, and inclosing the graveyards of the Wyandotte Indians in the state of Kansas, and that the sum hereby appropriated be paid out of any moneys in the treasury not otherwise appropriated." (14 U. S. Stat. at Large, 309.) In 1868 the said trustees loaned a portion of the money to defendant, and took her note and mortgage as security therefor. Subsequently the Wyandotte nation removed to the Indian territory. The same religious organization was preserved there, and these plaintiffs are the successors in office as trustees of those who made the loan, at least they are so recognized by the Wyandotte Indians. Prior to the removal the organization had two places of worship, one in Quindaro, and the other in Wyandotte, and kept up services in both. It owned the building in the former place, but not in the latter place. It sold the building it owned, and from that time the preaching and meetings in Quindaro have ceased. It does not appear in whom the title to the building in Wyandotte was vested; but since the removal, the society in Wyandotte is wholly a white society, and known as the "Wyandotte Methodist Episcopal Church North." It preserves the book of records kept by the W. & Q. Mission of the Kansas Conference, and that record shows an election prior to the commencement of this action, of five trustees, all white men, and two of them residents in Wyandotte county. It does not appear that the money granted by congress was ever used in the erection of a church-building in lieu of the one destroyed, nor does it appear what disposition was made of the balance of the money granted.

This is about as full a statement of the facts as can be gathered from the case made. And upon these we remark, that the argument of the counsel for defendant in error, as to the general organization of the Methodist Episcopal church, its administration and control over local churches of that denomination, and their property, cannot be considered by us, for the facts concerning the same are not in the case-made,

and they are not matters of which the court can take judicial notice.

It seems to us that the grant from congress was to a church organization among and of Wyandotte Indians, and by virtue of the governmental protection over these wards of the nation; that it was in no sense a grant to the great Methodist church to assist it in its missionary work. The Wyandotte church, as an Indian church, and not as a member of the Methodist denomination, was the beneficiary. The grant was not local, to the Methodist church in Wyandotte county, but tribal to the Wyandotte Indian church, whether that society remained in Kansas, or moved elsewhere. It was something which attached to and vested in an organization of the Wyandotte tribe of Indians. Whoever therefore are recognized by the Wyandotte nation as the official representatives of that organization, are entitled to the possession of this fund, and may maintain an action to recover it.

For these reasons the judgment must be reversed, and the cause remanded with instructions to grant a new trial.

All the Justices concurring.