Kendig v. The Chicago, Rock Island & Pacific Railway Company.

---

KENDIG v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant*.

1. **Railroads:** NEGLIGENCE: PLEADING. A statement *held* to set forth a good cause of action for the negligent killing of plaintiff's steer by a railroad company.

2. ———: ———: KILLING STOCK. If the agents of a railroad company in charge of a train run its engines or cars upon or over live stock, and such collision could be avoided by the exercise of reasonable care and vigilance on their part, the company will be liable to the owner for the resulting damages.

3. **Instructions** which announce mere abstract propositions of law,

or single out and comment upon particular facts, are properly refused.

4. ———— : ———— : KILLING STOCK. If live stock is or could be seen approaching·a public road-crossing before it gets on a railroad track, the company may be guilty of negligence in case of a collision, although such stock be not seen on the track in time to avoid the injury. *Wallace v. Railroad Co.*, 74 Mo. 594, explained and distinguished.

*Appeal from Clinton Circuit Court.*—IIon. GEO. W. DUNN, Judge.

AFFIRMED.

*Shanklin, Low & McDougal* for appellant.

*William Henry* for respondent.

NORTON, J.—Plaintiff commenced this action before a justice of the peace and obtained judgment in the circuit court where it had been taken by the appeal of defendant, and it is now before us on the appeal of defendant. After charging that defendant was a corporation operating its road through Shoal township in Clinton county, it is averred in the statement as the cause of action that "such corporation, the defendant, on or about the 30th day of June, 1878, in said township of Shoal, by and through its officers, agents and servants, negligently and carelessly ran its railroad cars and engine against, over and upon, and injured and killed a certain dark-red steer, of the value of $30, the property of plaintiff, to his damage in the sum of $30, for which sum plaintiff prays judgment."

The above statement sets forth a good cause of action, and the questions presented by it are free from complexity.

1. RAILROADS: negligence: pleading. These questions are, was plaintiff the owner of the steer; was it injured and killed by the negligence of defendant's servants and agents; and, if so, what was the damage? and all of them were fairly submitted to the jury in the instructions given.

On behalf of the plaintiff the jury were told that if they believed from the evidence that plaintiff owned the steer and that it was killed in Shoal township, Clinton county, by the carelessness and negligence of defendant's servants in operating the train, they would find for plaintiff and assess his damages at such sum as they might believe from the evidence he had been damaged. They were further instructed that negligence is the lack of such care and caution as men of common sense and prudence generally exercise under like circumstances, and that if defendant's agents in charge of the train, ran its engine or cars upon or over plaintiff's steer, and if such collision and injury could have been avoided by the exercise of reasonable care and vigilance on their part, then defendant was liable.

On the part of defendant the jury were told that if plaintiff's steer got on the track at the public crossing when the engine was approaching, and so near as to be impossible to stop it before striking, they should find for defendant; they were also told that negligence was a question of fact, and consists in doing what a prudent person would not do, or in failing to do what a prudent person would do under the circumstances, and some commission or omission as above defined on the part of defendant's servants or agents must be proved before they could find for plaintiff, and that the burden of proving negligence was on the plaintiff.

These instructions fairly covered all the points in issue in this case; and we perceive no ground of complaint 2. ——: —— : killing stock. against the action of the court in giving plaintiff's instructions. Like instructions in a like case have received the sanction of this court. *McPheeters v. Hann. & St. Jo. R. R. Co.*, 45 Mo. 22.

The instructions asked by defendant and refused, were properly refused, because the propositions announced were 3. INSTRUCTIONS. mere abstractions, and subject to the further objection of singling out particular facts, in the nature of comment on the evidence.

14—79

The case of *Wallace v. Railroad Co.*, 74 Mo. 594, to which we have been cited as establishing the doctrine that **4.——:——: kill-** a railroad company can only be guilty of **ing stock.** negligence in killing stock in an incorporated town or at a public road crossing, in a case where the animal is seen on the track in time to avoid the injury, is misconceived by counsel. What was there said was intended to apply to the facts of that case, which were that the animals when first seen were on the track running from side to side of the track. There was no evidence in that case, as in this, that the animals were seen approaching the crossing before they got on the track, and could have been seen at a point on the railroad eighty or ninety rods distant from where they were approaching the crossing.

Judgment affirmed. All concur.