Thomas N. Gourley, Respondent, v. St. Louis & San Francisco Railway Company, Appellant.

**St. Louis Court of Appeals, March 22, 1887.**

1. NEGLIGENCE—HOW PROVED—PRACTICE.— The question of negligence is one for the jury, but the finding thereon must be based upon proof of acts done or omitted, from which negligence is legally inferable.

2. —————— VERDICT—SPECIAL FINDINGS.—The question being whether the defendant could, by the exercise of proper care, have avoided the injury, the court's refusal to submit to the jury, for a special finding, the question, of what did the defendant's negligence consist, is error.

3. —————— Wherever a question arises upon which the court might properly instruct the jury, it may, with equal propriety, demand a special finding of the fact involved.

APPEAL from the Laclede County Circuit Court, W. J. WALLACE, Judge.

*Reversed and remanded.*

JOHN O'DAY and E. D. KENNA, for the appellant.

J. T. MOORE, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The leading features of this case, and the points made upon them, closely resemble those in *Benton v. St. Louis & San Francisco Railway Company* (*post*, p. 155) Many of the grounds urged for a reversal are identical in the two cases, and, as to them, nothing need here be added to what is said in the *Benton case*. The plaintiff had one cow killed, and another injured, by the defendant's locomotive, while running through the town of Phillipsburg, and the action proceeds upon a common

law liability for negligence in the running and management of the train. The animals in this case, as in the other, were a little way off from the track when the engine first came in sight, and walked to, and upon, the track, so as to encounter the collision. The vital question was, whether the defendant's servants might, with the exercise of proper care, vigilance, and prudence, after seeing the cows, have avoided inflicting the injury.

The defendant asked the court to submit to the jury a series of special questions of fact, under the act of 1885, and among them the following :

" 4.   Were the cows of the plaintiff injured through any careless or negligent act of the defendant, its agents, or employes ?

" 5.   If you answer the above in the affirmative, then state in what did such carelessness, or negligence, consist."

The court gave the first of these two interrogatories, but refused the second.

As a general proposition, the question of actual negligence, or the contrary, is one of fact, wholly within the province of the jury to determine. Regarded in this light, it might well be said that a jury should not be called upon to give the reasons for their conclusion of negligence, where there is evidence clearly tending to establish it, or to state the evidence upon which their conclusion is founded. But the rule is, by no means, universal. There are many cases in which it is proper for the court to inform the jury what specific acts, or omissions, would constitute negligence, and so guide them in their application of the law to the facts. Especially is this true, where the alleged negligence consists in a disobedience of some positive command of the law, imposed for prudential objects. *Scaling v. Pullman Palace Car Co.* (24 Mo. App. 29). It is manifestly within the scope and meaning of the statute providing for the submission of special issues to the jury that,

wherever a question appears upon which the court might properly instruct, there the court may, with equal propriety, demand a special finding of the fact involved, and so apply the law to the fact in ascertaining the measure of agreement between the special finding and the general verdict. In the present case, there was no evidence showing within what distance the engine might have been stopped, after the cows were seen to move toward the track. The plaintiff insisted that there was a guilty negligence in the engineer's failure to ring, or whistle, at a crossing, one hundred and fifty yards from the place of the collision. But such was not the law, and the court might properly have so instructed. And yet, the probabilities all point to this fact, as the ground upon which the jury based their affirmative answer to the interrogatory numbered four. Had number five been submitted also, this possible mischief could easily have been prevented or corrected. It thus appears that the issue, presented in number five, was material to the general finding, and it was the plain duty of the court to submit it upon the defendant's demand. *Bent v. Philbrick*, 16 Kan. 192; *Benton v. Railroad, supra.* There was error in the refusal to do so.

Other questions, appearing in this record, are fully disposed of in the opinion in *Benton v. Railroad*, above mentioned. It is, therefore, unnecessary to re-state or discuss them here.

The judgment of the circuit court is reversed, and the cause remanded. All the judges concur.