Thomas N. Gourley, Respondent, v. St. Louis & San Francisco Railway Company, Appellant.

St. Louis Court of Appeals, March 19, 1889.

1. **Amendment**: CHANGING CAUSE OF ACTION. Where the original petition charges negligence of the defendant, to the plaintiff's injury, without specifying the negligent acts complained of, and the amended petition undertakes to do so by alleging the particular failure or omission which constituted the negligence, this is not a change of the cause of action, and there is no error in a refusal to strike out the amended petition.

2.   **Evidence :** DAMAGES : KILLING CATTLE ON RAILWAY TRACK.   In
an action against a railway company for negligence in the killing
of the plaintiff's cows by a railway train, where the vital question
was, whether the defendant's servants could have stopped the train
in time to avoid the injury, after the cows were first seen on the
track, it was error to take the opinions of witnesses who had no
practical familiarity with the running of trains, had never been
employed on a locomotive, and whose only knowledge about the
running and stopping of trains was derived from seeing them
arrive and depart at the station in their vicinity.

*Appeal from the Laclede Circuit Court.*—HON.
W. J. WALLACE, Judge.

REVERSED AND REMANDED.

*E. D. Kenna* and *Adiel Sherwood*, for the appellant.

The court erred in overruling the demurrer to the
evidence offered at the close of plaintiff's case and of
the whole case.   Where an accident occurs upon the
private grounds of the railroad company there is no lia-
bility on the part of the company unless there be clear
and unqualified proof that the servants of the company
negligently failed to exercise reasonable care to avoid
the accident after they had in fact become aware of the
exposed and dangerous position of the animal, and
further that they then had the time and opportunity to
have avoided the injury by the exercise of reasonable
care. *Rine v. Railroad,* 88 Mo. 392 ; *Yancy v. Railroad,*
93 Mo. 438 ; *Yarnall v. Railroad,* 75 Mo. 583.   In this
class of cases the plaintiff must prove actual negligence
to recover ; and as applicable to the facts of this case
plaintiff must show that defendant's servants could, by
the exercise of reasonable care, have prevented the acci-
dent after discovering the danger of the animal, and
that thereafter the accident was caused by their failure
to exercise reasonable care.   *Wallace v. Railroad,* 74
Mo. 597 ; *Fitzgerald v. Railroad,* 18 Mo 393 ; *Benton v.*

*Railroad*, 25 Mo. App. 161. It was not the duty of an engineer to stop his train or slacken his speed, or sound the alarm merely because he saw or might have seen the animals near the track. *Milburn v. Railroad*, 21 Mo. App. 432; *Railroad v. Champ*, 75 Ill. 578; *Young v. Railroad*, 79 Mo. 336. The court erred in overruling defendant's motion to strike out plaintiff's amended petition. It stated different grounds for a recovery and required different proof. *Haliday v. Jackson*, 21 Mo. App. 660, 664, 665, 666. The court erred in allowing witnesses who were not experts and admitted they knew nothing of the management or operation of trains to testify generally as to the distance within which a train can be stopped and further to give their opinions upon the subject. The jury should be free to draw their own conclusion from the evidence unbiased by opinions from witnesses who know no more than the jury. This was called to the court's attention time and again. *Robertson v. Railroad*, 84 Mo. 119; *Railroad v. Montgomery*, 119 Mass. 114; *Railroad v. Railroad*, 3 Allen, 142, 147, 148.

*J. P. Nixon*, for the respondent.

The appellant waived his demurrer to evidence by prosecuting his case and introducing his evidence. *McCarthy v. Railroad*, 15 Mo. App. 385; *Goodger v. Finn*, 10 Mo. App. 226. The position that the amended statement introduced a new cause of action is without foundation. The original statement charged that the cows were negligently killed. The amended statement charges that the cows were negligently killed and specified in what such negligence consists. The causes of action in both cases are identical. The only evidence objected to in this case was, as to within what distance the train could have been stopped by train men. The specific objection was that the witness was not qualified

as an expert, therefore his testimony was not admissible. The appellant now shifts his position and for the first time makes the objection that it is not a proper case for expert evidence. This being an objection not specifically made at trial will not be considered by our appellate court. *Rhover v. Brookhead*, 15 Mo. App. 16.

BIGGS, J., delivered the opinion of the court.

This is a common-law action for damages growing out of the alleged negligence of defendant's servants in the running and operating of its trains. Plaintiff alleges that on the sixth day of April, 1886, he was the owner of two cows, of the value of forty-five dollars each, and that the defendant's servants, on that day, in Laclede county, Missouri, negligently ran one of defendant's freight trains over said cows, killing one and crippling the other, and that by reason of this, plaintiff was damaged in the sum of seventy dollars. The case originated before a justice of the peace, where on a trial, plaintiff had judgment and defendant took the case by appeal to the circuit court. The case was submitted to a jury in the circuit court and resulted in a judgment in favor of plaintiff for seventy dollars. Defendant moved for a new trial which was by the court refused, and it brings the case here by appeal.

This is the second time this case has been before us for adjudication. 25 Mo. App. 144. This court reversed the judgment on the former appeal because of the refusal of the trial court to submit to the jury special issues, as requested by defendant. The court in that opinion said : ''The vital question was whether the defendant's servants might, with the exercise of proper care, vigilance and prudence, after seeing the cows, have avoided the injury.'' The same question is presented by this record, and is the controlling one in the case.

Counsel for defendant urge that the judgment ought to be reversed on account of the following alleged errors, committed by the trial court, to-wit:

(1) That defendant's demurrer to plaintiff's testimony ought to have been sustained.

(2) That the court erred in overruling defendant's motion to strike out plaintiff's amended petition.

(3) That the court, against the objection of defendant, permitted plaintiff to introduce incompetent testimony.

Defendant's objection to the amended petition was that it stated a new and entirely different cause of action. This objection is not tenable. The original petition stated a cause of action for negligence in running trains over defendant's road, without specifying the particular acts constituting the negligence complained of. In the amended petition plaintiff undertakes to do this, by alleging a failure on the part of defendant's servants to make any reasonable efforts to stop the train and thereby prevent injury to plaintiff's cattle. The cause of action was in no way changed by this amendment. Neither can we sustain the assignment of error as to the action of the court in overruling defendant's demurrer to plaintiff's evidence. We are not prepared to say that there was no substantial evidence introduced by plaintiff, having a tendency to sustain the allegations in plaintiff's petition. There was evidence tending to prove that when the train came in sight of the place where the cattle were grazing on the side of the railroad track, it was distant, about one-fourth of a mile. That the cows were then within twenty or thirty feet of the track and were moving slowly in that direction. That when the cows went on the track of the railroad, the train was two hundred or two hundred and fifty yards from them, and that no effort was made to check the speed of the train or to frighten the animals from the track until the moment of the collision. That the train was running about twelve miles an hour, and that the cows were killed within the corporate limits of a town. That there was nothing

to prevent defendant's servants from seeing the cattle for a distance of at least one quarter of a mile. *McPheeters v. Railroad*, 45 Mo. 22; *Pryor v. Railroad*, 69 Mo. 215.

The main and controlling question of fact, and to which the attention of the jury was chiefly directed by plaintiff's instructions, was, whether the servants of defendant, after they discovered the danger of plaintiff's cows, failed to make reasonable efforts to stop the train so as to avoid the injury, and whether the defendant's servants could have stopped the train, with safety to the persons and property thereon, after the discovery of the danger to plaintiff's property. Under the instructions, any evidence tending to show within what space the train could have been stopped was very material, and if the trial court committed a substantial error in the admission or rejection of such testimony, it would necessarily be prejudicial.

There can be no question that the space, within which a train may be stopped, depends on many circumstances, and conditions, not within the knowledge of ordinary men, and the question is therefore a subject for expert testimony. All men who live on or near the line of a railroad may have a general knowledge on the subject, but a correct and reliable judgment can only be attained by some practical experience. Just within what distance a train might be stopped in a given case, with safety to property, and the lives of persons thereon, would depend upon the speed of the train at the time, the grade of the track, the size of the train, whether the cars were loaded or empty, and the kind of brakes used. It is unreasonable to suppose that the judgment of a witness on such a subject, who had no practical knowledge or experience in the running of trains, or had never given the subject special study and investigation, would be worth any more than the judgment of the jurors themselves. The opinion of such a witness would be a

"mere guess." All business men have a general idea of the cost of a building, but if we were seeking accurate knowledge on the subject, we would go to a builder of houses for information.

In case of *Eckert v. Railroad*, 13 Mo. App. 352, the defendant introduced as a witness a builder of locomotives, and offered to prove by him the distance within which the train could have been stopped. The trial court refused to let the witness answer. Judge THOMPSON in passing on this question said: "A person long practiced in the building of locomotives, and in running them on trial trips, would clearly be able to give an opinion as an *expert* on the matter submitted to him." The supreme court in case of *Maher v. Railroad*, 64 Mo. 276, has in effect decided that such a question is a proper subject for expert testimony. In that case defendant asked the engineer, who was running the locomotive at the time of the accident, within what distance he could have stopped the train, etc. The trial court would not permit the question to be answered. The supreme court in passing on the question said: "Whether the engineer could have checked up the train in the distance between the mouth of the cut and the culvert, was an important inquiry and relevant to the issue, and the occupation of the witness on the train enabled him to form a correct opinion on that subject and he should have been permitted to answer the question."

The question was before the supreme court in case of *Robertson v. Railroad*, 84 Mo. 119. The court said: "That it might be error for the court to permit the witness with no more knowledge than the jurymen to give his opinion on the question, but in order to be a ground for reversal, the error must have been prejudicial to defendant. That there was no evidence introduced by defendant showing that the opinion as expressed by the witness was erroneous."

In the case at bar, counsel for defendant claims that the court permitted the plaintiff to prove within what distance the train in question could have been safely stopped, by the testimony of persons who were not practical railroad men, and who possessed no particular knowledge on the subject.    Plaintiff asked B. R. McDavis, one of the witnesses, the following question : "From your knowledge and experience, could the train have been stopped after the cows got upon the track, without injury to freight or damage to train, in your judgment, before the cows were struck." Defendant objected "because the witness had not shown himself qualified to testify." The witness had previously testified "that he lived in Phillipsburg, where the accident occurred, and had frequently been about the railroad, and had often seen trains running at the same rate of speed, flagged and stopped." The court overruled defendant's objection, and exception was saved. The witness answered, "I believe it could and that this could have been done without danger to life or property." On cross-examination, the witness said "that he had never run an engine, and knew nothing about the construction of trains. Had never worked on a railroad."

Herman    Benton,    another    witness,    was    asked, "within what distance an ordinary freight train could be stopped on the defendant's road, with safety to freight and the train, when moving at the ordinary rate of speed." He answered "that the train could be stopped within two hundred and fifty or three hundred yards." Defendant objected to the question and the answer of the witness. The witness testified that he lived at Phillipsburg and had frequently seen trains flagged. That he had worked as a section-hand on the railroad for two years, and that he had flagged trains himself. That he had never run on an engine. "My whole knowledge of the distance which trains can be stopped is given from seeing trains flagged there in

Phillipsburg.    I have flagged a half dozen trains in my
life when I worked on the section.''    We hardly think
the witness was qualified to give an opinion on the sub-
ject, although he testified that he had worked on a rail-
road as section-hand for two years.    We think it ought
to have appeared that the witness had some practical
experience in the running and management of trains.
But aside from this, there were other objections to the
question as propounded.    The attention of the witness
should have been called to the *particular train*, the
speed at which *it* was moving, and 'the *condition of the
grade* at the *place* where the accident occurred.

The plaintiff himself, against the objection of
defendant, testified that the train could have been
stopped within two hundred yards.    His only knowl-
edge on the subject was that he had frequently seen
trains stopped at Phillipsburg, and knew the distance
within which they could be stopped.

Defendant's engineer and fireman testified that they
did not see the cattle until within one or two hundred
yards of them, and that they were then on the side of
the road, and gave no indication of getting on the track,
until the engine was almost opposite to them.    That the
train in question was running at the rate of twelve or
thirteen miles an hour, on a down grade, and that the
train could not have been safely stopped within less
than one-fourth of a mile.

We think the court committed error in admitting
the foregoing testimony.    The plaintiff's cows were on
defendant's track through no fault or negligence of
defendant.    The evidence shows that the cattle got
upon the track at or near defendant's depot in the town
of Phillipsburg, and in order to render defendant liable,
it was necessary for plaintiff to show that defendant's
train, after the danger to plaintiff's cows had been dis-
covered by the persons in charge of the train, could have
been, with safety, stopped in time to prevent the injury.
Therefore the evidence of plaintiff's witnesses, to which

objection was interposed, became quite material, and its admission was necessarily prejudicial to defendant's case.

We think that a proper administration of the law in all cases requires the production of the best evidence. By a reasonable effort, plaintiff could doubtless have procured the testimony of witnesses to prove this issue, who had some practical knowledge of the subject. Such an issue may not under any circumstances be susceptible of exact proof, and it may be a question about which practical and experienced railroad men may differ, yet it is the duty of the courts to remove the question as far as may be from the domain of "mere conjecture." We do not think plaintiff's witnesses could form any better judgment in relation to the subject-matter of the inquiry, than any other intelligent man, or than the members of the jury. *Boston Railroad v. Railroad*, 3 Allen, 142. In the case last cited, the court said: "The opinion of witnesses on the substance of the issue is always dangerous, and never to be admitted except when the subject is one beyond the knowledge and experience of common men, and in such cases no testimony is to be given except by those who are shown to possess peculiar means of forming an intelligent and well instructed judgment."

We find no other substantial error in the record, but for the reason assigned, the judgment will have to be reversed and the cause remanded. All the judges concur.