WARREN IGO, Respondent, v. CHICAGO AND ALTON RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, December 17, 1889.

1. **Negligence:** ACCIDENT AT RAILWAY CROSSING. A railway company is liable for the killing of an animal by one of its trains at a public crossing of its road, if the engineer in charge of the train saw, or by the exercise of reasonable care could have seen, the exposed condition of the animal in time to have averted the accident by the exercise of like care, and without risk of injury to the train or passengers.

2. **Witness:** COMPETENCY OF: AS EXPERT. A person is not competent to testify as to the length of time in which a train, running at a given rate of speed, can be stopped, from the fact merely that he is employed with a squad of section hands in repairing the railway track, and has seen trains stop at the depot of the railway company.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*G. B. Macfarlane* and *E. Robinson*, for the appellant.

(1) The burden was on plaintiff to establish by evidence the negligence charged. *Randle v. Railroad*, 65

Mo. 325; *Fitch v. Railroad*, 45 Mo. 322; *Stepp v. Railroad*, 85 Mo. 231. (2) No rate of speed of the train, at the place of the accident, was negligence *per se*. *Powell v. Railroad*, 76 Mo. 80; *Lord v. Railroad*, 82 Mo. 142; *Wallace v. Railroad*, 74 Mo. 594; *Main v. Railroad*, 18 Mo. App. 388. (3) There was no proof that after the cow started across the track the train could have been stopped. *Young v. Railroad*, 79 Mo. 336; *Welch v. Railroad*, 20 Mo. App. 479; *Sloop v. Railroad*, 22 Mo. App. 593. (4) There was no evidence that, after the cow was seen by the engineer, the train could have been stopped in time to avoid the collision. *Pryor v. Railroad*, 69 Mo. 215; *Wallace v. Railroad*, 74 Mo. 597. (5) The opinion of one who has no better information than the jurors is incompetent as evidence. *Robertson v. Railroad*, 84 Mo. 119; *Railroad v. Stewart*, 13 Amer. & Eng. Ry. Cas. 503.

*Ras. L. Pearson* and *D. A. Ball*, for respondent.

It was clearly the duty of the engineer to keep a careful watch at the crossing, and his failure to do so was negligence. *Buster v. Railroad*, 18 Mo. App. 578. There was no error committed by the court in giving plaintiff's instruction. It declared the law correctly and is amply sustained by the authorities. *Buster v. Railroad*, 18 Mo. App. 578; *Pryor v. Railroad*, 69 Mo. 215; *McKissock v. Railroad*, 73 Mo. 457; *Kindig v. Railroad*, 79 Mo. 207.

THOMPSON, J., delivered the opinion of the court.

This was a common-law action for damages for negligence in killing the plaintiff's cow. The action was commenced before a justice of the peace, and, on trial anew in the circuit court before a jury, the plaintiff had a verdict and judgment in the sum of thirty-five dollars, from which the defendant prosecutes this appeal.

The evidence tended to show that a passenger train of the defendant was approaching a public crossing at a speed variously stated as the ordinary speed of the train, which would be thirty-six miles an hour, according to the evidence of the defendant's engineer; or a "high rate of speed," at which, according to the same evidence, the train was running in consequence of being behind time, from forty to forty-five miles an hour. As the train approached the crossing in question, a "bunch" of cattle came filing across the railway track at the crossing, the plaintiff's cow being the hindmost one of the herd. The plaintiff's evidence tended to show that there was nothing to obstruct the vision of the engineer in charge of the train for over a quarter of a mile. The engineer, observing her at a distance, variously stated by the witnesses, of from two hundred to six hundred feet from the crossing, sounded the steam whistle, and, according to the defendant's evidence, shut off the steam, and applied the air-brakes, but did not reverse the engine. The reason given by the engineer for not reversing the engine was that, in order to do so, he would have been obliged to get down from his seat in the cab, and that he did not have time. According to defendant's evidence the efforts, which were made to check the speed of the train, reduced its speed by about one-third; so that, assuming that it was running, before such efforts were made, at a speed of forty-five miles an hour, its speed was, in fact, checked, at the time when it struck the plaintiff's cow, to about thirty miles an hour. The cow was struck just as she was passing off the track, following the other cattle.

On the other hand, two witnesses for the plaintiff and two for the defendant, who were eye-witnesses of the accident, testified that they observed no diminution in the speed of the train, and two of these witnesses put their testimony in the form that they saw no effort

made to stop the train. One of them said : "I could see if they tried to stop it by putting on the air-brakes, and I did not see, or hear, anything of that sort. I did not see any check in the train at all." The evidence tended to show that, if the speed of the train had been diminished according to the plaintiff's theory, or that if, on the basis of the defendant's theory, it had been further diminished, the accident would not have happened—the cow would have cleared the track before the engine reached the crossing.

I.   Such being substantially the evidence, we must overrule the first and principal assignment of error, that there was no evidence of negligence to take the case to the jury.   In the state of the evidence the jury were at liberty to credit or discredit the statements of some of the witnesses for the defense as to an effort having been made to stop the train ; and, if they concluded that no effort had been made to stop the train, they were at liberty to infer negligence from that fact.   The case somewhat resembles the case of *White v. Railroad*, 20 Mo. App. 564, where we held that there was no error in submitting the question of negligence to the jury.   The same conclusion is clearer on the evidence in this case, than it was in that.

II.   The other substantial assignment of error relates to the ruling of the court in allowing a witness for the plaintiff, named Muff, to give his opinion as to the length of time within which the train could have been stopped.   Muff was employed, at the time of the accident, with a squad of section hands repairing the defendant's track.   He had seen trains stop at the depot.   The substance of his testimony was that, if the air-brakes were all right, there was nothing to prevent a passenger train, running at forty or fifty miles an hour, from stopping in three or four lengths of the train, and that this train could have been stopped with safety between where the witness stood (which was in sight of

the crossing) and the crossing. On the contrary, the engineer, who had been an engineer for twenty-five years, and who had been in charge of passenger trains for four years, testified that, under the same circumstances, this train could not have been stopped with safety to the passengers in less than twelve or thirteen hundred feet. The engineer moreover testified that, when he first saw the cow, she was in the act of turning around to approach the track; that, as the train approached the crossing, the cow came upon the track and stopped until she was struck; and that, when the cow came upon the track, she was not more than two hundred or two hundred and fifty feet from him. We may also mention that the court gave an instruction, which made it material for the jury to consider the time within which the train could be stopped in safety,—the propriety of which instruction we need not consider. See *Kendig v. Railroad*, 79 Mo. 207; *Young v. Railroad*, 79 Mo. 336. It is thus perceived that the question, within what space the train could have been stopped, was material, and that, if this witness Muff was not sufficiently expert in the matter of stopping trains to enable him to give an opinion, his evidence is to be regarded as prejudicial to the defendant. The decision of this court in *Gourley v. Railroad*, 35 Mo. App. 87, shows that Muff was not qualified to testify as an expert upon this question. For the error of admitting his testimony over the objection of the defendant we must therefore reverse the judgment.

The court submitted the case to the jury upon the theory that, if the defendant's engineer either *saw* the cow, or by the exercise of ordinary care *could have seen* her, in time to have prevented the accident, and did not do so, they should find for the plaintiff. An instruction embracing the same principle, but couched in negative language, was given at the request of the defendant. But the court also gave, at the request of the defendant, an instruction which told the jury that if, after the

engineer saw the cow approaching the track, he could not have prevented the collision without risk of injury to the train or passengers, the verdict must be for the defendant. This instruction was erroneous because it ignored the principle that, if the engineer might have seen the exposed position of the cow in time to have prevented the injury, by the exercise of reasonable care, and without risk of injury to the train or passengers, they should find for the plaintiff. The decisions of the supreme court have fluctuated considerably upon the question, whether, in such a case, the liability of a railway company is to rest upon the fact of the engineer having seen the object on the track in time to prevent injury by the exercise of ordinary care, or upon the hypothesis of his having been able, by the exercise of ordinary care, to discover the object upon the track in time, by the exercise of the like care, to avoid injury. The latest expression of opinion upon this subject appears to be that in the case of *Kelly v. Union Railway & Transit Co.*, 95 Mo. 279, a case which was certified by this court to the supreme court in order to procure a settlement of the question. That opinion takes the latter view, and justifies the theory, on which the court instructed the jury in this case, except in the instruction last referred to. If there were any doubt as to the rule to be applied in the case of persons trespassing upon railway tracks, there could be no doubt as to the rule to be applied in the case of cattle at highway crossings. There is a *duty* to lookout for objects at public crossings, and a liability if animals are killed at such places through a failure to keep a reasonably careful watch for them. But it would be immaterial if the rule were otherwise, since this was the theory of both parties.

For the error of admitting the testimony of the witness Muff, as to the length of time within which the train could be stopped, the judgment will be reversed, and the cause remanded. All the judges concur.