## BARRY *v.* SECOND AVE. R. Co.

*(Common Pleas of New York City and County, General Term.*   December 5, 1892.)

**1. APPEAL—WEIGHT OF EVIDENCE.**
   The trustworthiness of the evidence of a witness is a question peculiarly for the solution of the jury, and, if it appears from their verdict that they declined to credit a witness in view of a discrepancy between his testimony on this and a former trial, the court, on appeal, will not interfere with their decision.

**2. DAMAGES—EVIDENCE.**
   Testimony of a physician, a witness for plaintiff in an action for personal injuries, that if plaintiff's foot had been amputated he "could have stood perfectly erect, and could have worn a false foot with perfect safety and repose," is admissible on cross-examination, as affecting the question of damages, it appearing that plaintiff at the time of the injury was *non sui juris*, and his parents objected to the amputation.

**3. EVIDENCE—OPINION OF NONEXPERTS.**
   Evidence of a master mechanic, who never drove a car, is not admissible as to the distance within which a car might be stopped, as he is not an expert.

**4. SAME.**
   Plaintiff having put in evidence that the horses attached to the car had been driven far and furiously, it was proper to put in rebuttal the meaning of the word "old-timers," as applied to the horses, *i. e.*, that they were aged and infirm.

Appeal from trial term.

Action by John Henry Barry against the Second Avenue Railroad Company for injuries sustained by collision with a car while crossing defendant's railway track in the street.   From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals.   Affirmed.

For decision on appeal from a judgment in favor of plaintiff, see 16 N. Y. Supp. 518.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Cantor, Linson & Van Schaick*, for appellant.   *Merrill & Rogers*, (*Payson Merrill*, of counsel,) for respondent.

PRYOR, J.   We do not see how, consistently with familiar rules, we can reverse this judgment.   The issues were submitted to the jury on conflicting evidence, and upon a charge with which the plaintiff's counsel avowed his "perfect satisfaction."   Nor is there any such preponderance of proof in favor of the plaintiff as would authorize us to set aside the verdict as against the weight of evidence.   It may be that, in view of the apparent discrepancy between the testimony of plaintiff's chief witness on this and on a former trial, the jury declined to credit his story; but the trustworthiness of his evidence presented a question peculiarly for solution by them, and we are incompetent to interfere with their decision.

Appellant impeaches the judgment for error in the rulings upon evidence, but, despite the forcible argument of his counsel, we are constrained to the conclusion that none of his exceptions is tenable.   The testimony of Dr. Fivey, to which exception is taken, if not tending to establish a defense, was certainly relevant to the question of damages.   The witness answered: "By doing this operation the child could have stood, as I stand now, perfectly erect, and could have worn a false foot with perfect safety and repose."   It appears the parents objected to the amputation, and, the plaintiff being *non sui juris*, their objection was his objection.   The defendant was not chargeable with an aggravation of the injury by his act.   Then, too, the witness had testified in chief for the plaintiff that he suggested amputation, and it was clearly proper, on cross-examination, to allow him to be asked the reasons of his advice.

The exception to the exclusion of the evidence, as to the distance within which a car might be stopped, is not well taken, because it is not apparent that a "master mechanic who never drove a car" is an expert in the matter

as to which the witness was interrogated, and because it seems from the evidence of both parties that when the driver saw the boy he was too near to prevent the collision with him.

The exposition of the meaning of the word "old-timers," *i. e.*, that the horses were aged and infirm, was proper in rebuttal of the plaintiff's evidence that they had been driven so far and so furiously. We observe no error in the record, and we cannot say that injustice is done by the verdict.

Judgment and order affirmed, with costs. All concur.