## · CHARLESTON. ·

. J. R. ALFORD v. KANAWHA AND WEST VIRGINIA RAILROAD CO..

· Submitted September 23, 1919. Decided September 30, 1919..

1.  EVIDENCE—*Competency of Witness as to Distance in which Train Can be Stopped.*

    One who is not familiar with the stopping and starting of railroad trains is not a competent witness to give· an opinion as to the ,distance within which such a train can be stopped under a particular state of circumstances. (p. 571).

2.  APPEAL AND ERROR—*Admission of Improper Evidence Reversible Error, Unless Clearly Harmless.*

    Where improper evidence is admitted over the objection of a party it will be cause for setting aside the verdict, unless it clearly appears that the objecting party was not prejudiced thereby. (p. 571).

3.  SAME—*Without Evidence of Negligence, Alleged Negligence in Another Respect Inmaterial.*

    Where an action having for its basis the alleged negligence of the· defendant is tried in the court below, upon the theory that such negligence arises from .defendant's failure in a particular regard, which turns out to be unsupported by any competent evidence, a verdict and judgment rendered thereon cannot be supported because it may·appear that the defendant might be negligent upon another theory not presented at this trial. (p. 573).

4.  SAME—-*On Two Theories Verdict Set Aside, where Improper Evidence as to One is Admitted.*

    Where plaintiff's cause of action is based upon two separate theories of negligence upon the part of the defendant, one of

which is supported only by improper evidence admitted over de-
fendant's objection, and the court submits the same to the jury
upon both of such theories, a verdict rendered in favor of the
plaintiff will be set aside for the reason that it is impossible to
tell upon which theory the verdict is based, it being as likely
that the jury based its verdict upon the theory supported only
by improper evidence as upon the other.   (p. 573).

Error to Circuit Court, Kanawha County.

Action by J. R. Alford against the Kanawha & West Vir-
ginia Railroad Company.   Judgment for plaintiff, and de-
fendant brings error.                 *Reversed and remanded.*

W. N. *King* and *Leroy Allebach,* for plaintiff in error.

M. M. *Robertson* and C. J. *Van Fleet,* for defendant in error.

RITZ, JUDGE:

By this writ of error defendant seeks reversal of a judg-
ment against it for damages for the alleged negligent killing
of stock by one of its trains.   The steer which it is contended
was negligently killed was struck by defendant company's
pasenger train, consisting of eight passenger coaches and a
locomotive.   Approaching the place at which the steer was
struck from the direction in which the train came there is a
curve about 250 to 300 feet from the point of the accident
which prevented the trainmen from seeing the point of acci-
dent until within that distance thereof.   It was shown that
the plaintiff's steer was on the track when the train came
around this curve and the fireman on the engine admits this,
and says that he immediately communicated the fact to the
engineer.   This the engineer admits, and says that he did
everything he could to stop the train before striking the
animal.   The sole theory upon which the case was tried in the
court below was that by the use of reasonable diligence those
in charge of the engine could have stoped the train after the
animal was discovered on the track in time to have prevented
striking it.   To sustain his contention in this regard the
plaintiff introduced a witness who had never operated a
locomotive, and whose only familiarity with the distance

within which passenger trains could be stopped was that he had seen one stopped on one occasion within a hundred feet; that the train which he saw stopped was composed of two coaches and a locomotive, and from this he says that it is his opinion that the train in the instant case could have been stopped within from seventy-five to one hundred feet. This evidence was permitted to go to the jury over the objection of the defendant. The enginman and the fireman in charge of the train, who were men of long experience, both testified that such a train as they were handling on that occasion, could not be stopped in a less distance than five hundred feet. It is earnestly insisted by the defendant that the admission of the opinion of the witness above referred to was error, and that inasmuch as this was all of the evidence upon which the plaintiff's contention was based, the court below should have directed a verdict in its favor. Was this evidence competent? The purpose of producing evidence in any particular case is to enlighten those charged with the duty of deciding the controversy. It would be difficult to procure a witness with less knowledge than the plaintiff's witness on the question about which he testified. Certainly it would be hard to find very many witnesses who had only seen a passenger train stopped on one occasion. Opinions of witnesses are not ordinarily admissible at all. It is only where such opinions are based upon expert knowledge. Where a transaction in order to its understanding requires possession of technical knowledge or skill, one possessing the same is competent to give his opinion in regard thereto, the reason being that the jury, not possessing such knowledge and skill, would not be enlightened by a simple statement of fact. *Aglionby* v. *N. & W. Ry. Co.,* 80 W. Va. 687. It cannot be doubted that in order to express an intelligent opinion upon the question as to the distance within which a railroad train can be stopped requires possession of mechanical skill and technical knowledge. In order for such an opinion to be enlightening it must be by one who has knowledge of the operation of such trains, who is familiar with the workings of the machinery, and the time required to put the same in operation. This being true, the opinion

of such a witness would be competent upon this question, but the opinion of one not possessing such knowledge would not be competent for the very good reason that it would not tend in any degree to enlighten the jury trying the case. The only ground upon which opinion evidence is admitted is because those giving the same have knowledge not ordinarily possessed. It is an exception to the general rule that opinions are not competent, being merely conclusions drawn from facts which in cases not calling for expert or technical knowledge the jury are as competent to draw as the witness. *Purkey v. Transportation Co.*, 57 W. Va. 595. As directly bearing upon the question that one unfamiliar with the operation of railroad trains is not competent to express an opinion as to the distance within which such a train can be stopped, see *Gourley v. Ry. Co.*, 35 Mo. App. 87; *Igo v. R. R. Co.*, 38 Mo. App. 377; *Railroad Co. v. Burch*, 155 Ky. 731; *Railway Co. v. Corletto*, 100 Va. 355; *Passenger & Power Co. v. Racks*, 101 Va. 487; *Barry v. R. R. Co.*, 20 N. Y. Supp. 871; Rogers on Expert Testimony, §104; Lawson on Expert and Opinion Evidence, pages 92-3. Clearly there was no competent evidence upon which to submit to the jury the question of defendant's negligence in failing to stop the train.

The plaintiff says that there is another theory of negligence upon which he is entitled to recover, and that is that it is not shown that the defendant sounded an alarm for the purpose of frightening this animal off the track. It does not appear whether or not such an alarm was sounded. The act of negligence upon which recovery was sought was the failure to stop the train after the animal was discovered. The question of alarm is only mentioned in the most incidental way. The railroad employes do not testify upon this question at all, and none of the witnesses introduced on behalf of the plaintiff made any statements as to whether an alarm was sounded or was not sounded. Of course, it is ordinarily the duty of those in charge of a railroad train, upon discovering animals upon the track, to do everything that prudence dictates to prevent striking them, and this includes sounding the alarms provided, for the purpose of frightening the animals away as well as making every reasonable effort to

stop the train in time to avoid the impending accident. Where, however, a plaintiff tries his case upon one theory and fails to produce competent evidence to support it, he will not be allowed to say that there is another theory which entitles him to recover, when that other theory was never presented to the trial court, and the defendant given an opportunity to meet it.

But even if the plaintiff had presented this theory of negligence in failing to sound an alarm in the court below, the introduction of the incompetent evidence above referred to would require a reversal. Certain it is where there are two theories of negligence upon which a plaintiff seeks recovery, and he submits the case upon both of them, one of which is not supported by any competent evidence, a judgment rendered upon a verdict in such case in favor of the plaintiff will be reversed because it is impossible to tell upon which one of the theories the verdict is based, the one supported by the proper evidence, or the one not so supported. By submitting both theories to the jury the court in effect told it that it might find liability on either thereof, and it is as probable that the jury found the verdict upon the theory supported by only incompetent evidence as upon the other. In fact it is perfectly certain in this case that the jury's verdict was based upon the theory supported only by the improper evidence above mentioned, for the other theory is only incidentally touched upon.

It follows from what we have said that the judgment will be reversed, the verdict of the jury set aside, and the cause remanded for a new trial.

*Reversed and remanded.*