# CHARLESTON.

## Williams v. Thacker Coal & Coke Co.

### Submitted January 19, 1898—Decided April 2, 1898.

1. Master and Servant—*Master's Liability—Mine Owner—Negligence of Mine Boss.*

    It is the duty of an operator or agent of a coal mine to employ a competent mine boss under and according to the provisions of section 11, p. 995, Code 1891, Append., and, having done so, he has discharged his duty to his employes in relation to those duties which the statute prescribes shall be performed by such mine boss, and the operator or agent is not liable for injuries arising from the negligence of the mine boss.   (p. 605).

2. Fellow Servant—*Mine Boss—Negligence of Mine Boss.*

    A mine boss so employed is such a fellow servant as, in case of an injury to other employes through his negligence, the master is not responsible.   (p. 605).

Error to Circuit Court, Mingo county.

Action by Levy Williams, administratrix of John M. Williams, deceased, against the Thacker Coal & Coke Company for damages. Defendant had judgment, and plaintiff brings error.

*Affirmed.*

Goodykoontz, Marcum, Simms & Enslow, for plaintiff in error.

Rucker, Keller & Hamill, for defendant in error.

McWhorter, Judge:

On the 13th day of February, 1895, John M. Williams

was in the employ of the Thacker Coal & Coke Company in Mingo county, engaged in mining or digging coal in said company's mines in room No. 11. About noon of that day he went into room No. 12, where two other miners were at work, to borrow from them a tamping bar and needle, which it seems it was necessary for him to have in the proper prosecution of his work in getting out his coal. In about an hour thereafter he returned the tools to the person from whom he borrowed them in room No. 12, and as he had turned, and was again leaving the last-named room, and before he had gotten entirely out of it, about twenty-five feet from the mouth of the room, he was crushed and killed beneath a large piece of slate fifteen feet long, five or six feet wide, and nine to ten inches thick, which fell from the roof of the mine upon him. Said room No. 12 was a haulway, then being driven and constructed, and was intended to be, when completed, an air course. This room was further in the mine than room No. 11. Levy Williams, administratrix of John M. Williams, deceased, brought her action of trespass on the case against said the Thacker Coal & Coke Company in Mingo circuit court, and filed her declaration at August rules, 1895, laying her damages at ten thousand dollars. And at a term of said court, on the 16th day of September, defendant entered its qualified appearance, and moved to quash the summons and return of service, which motion was overruled, and the defendant then appeared, and demurred generally to the declaration, and to each count thereof, which was also overruled by the court. The defendant then pleaded not guilty, and on the 19th day of September a jury was impaneled and sworn to try the issue, and, after hearing all the evidence adduced by the plaintiff, the defendant moved the court to exclude such evidence, and direct the jury to render a verdict for the defendant, which motion the court overruled, to which ruling the defendant excepted. The defendant then introduced its testimony, and, after the evidence had been introduced as well for the plaintiff as for the defendant, the defendant filed a demurrer to the evidence of the plaintiff, and the plaintiff entered her joinder therein, and the jury was directed to inquire what damages the plaintiff has sustained

by reason of the matters shown by her in evidence in case judgment should be given for her upon the evidence, and the jury returned a special verdict for plaintiff for eight thousand dollars, and the court having considered the defendant's demurrer to the evidence, sustained the same, and rendered judgment for defendant for costs, to which rulings of the court plaintiff excepted, and obtained from this Court a writ of error and supersedeas, and assigned the following errors: "First. The court erred in sustaining the defendant's demurrer to the plaintiff's evidence in the case, and giving judgment thereon against the plaintiff, because the evidence clearly establishes that the deceased, Williams, was killed while in the discharge of his duty as a miner in the defendant's coal mines, and without any fault or negligence upon his part whatever, by the falling of a large piece of overhanging slate that had been in an unsafe and insecure condition for at least two weeks prior to the day of the accident, and that its dangerous, unsafe, and insecure condition was known to the mine boss and mine propper for at least two weeks prior to the day of the accident; that the said mine boss and mine propper's attention had been called to it by Graves and White, the two miners working in said room No. 12, where the accident occurred, at least two weeks before the same did occur. Second. Because it was error upon the part of the court to refuse to overrule the defendant's demurrer to the plaintiff's evidence, and to render judgment upon said demurrer in favor of the plaintiff."

Section 11, p. 995, Code 1891, Append., provides that, "in order to better secure the proper ventilation of every coal mine, and promote the health and safety of persons employed therein, the operator or agent shall employ a competent and practical inside overseer, to be called "mining boss," who shall be a citizen, and an experienced coal miner, or any person having two years' experience in a coal mine;" and in prescribing the duties of such mining boss it provides that "he shall see that as the miners advance their excavations, proper breakthroughs are made as provided in section ten of this act, and that all loose coal, slate and rock overhead in the working places and

along the haulways be removed or carefully secured, so as to prevent danger to persons employed in such mines," etc. This statute is taken from the statute of Pennsylvania. The latter requires the "owner or agent [of any coal mine] to employ a competent and practical inside overseer to be called 'mining boss,'" and then prescribes his duties, similar to those prescribed by our statute, while ours prescribes that such mining boss "shall be a citizen and an experienced coal miner, or any person having two years' experience in a coal mine." Under the Pennsylvania statute, in *Reese* v. *Biddle*, 112 Pa. St. 79, (3 Atl. 814), Justice Paxton in the opinion of the court, says: "It was plain error to instruct the jury that the defendants were responsible for the negligence of their mine boss. There was no evidence that he was not competent to perform his duties, and hence no negligence can be imputed to defendants for employing him. It has been repeatedly held that a mining boss is such a fellow servant as, in case of an injury to other employes through his negligence, the master is not responsible,"—and cites *Lehigh Valley Coal Co.* v. *Jones*, 86 Pa. St. 432; *Canal Co.* v. *Carroll*, 89 Pa. St. 374; and *Bridge Co.* v. *Newberry*, 96 Pa. St. 346. "The operator of a coal mine fulfills the measure of his duty to his employes if he commits his work to careful and skillful bosses and superintendents, who conduct the same to the best of their skill and ability." *Waddell* v. *Simoson*, 112 Pa. St. 567, Syl. point, 3, (4 Atl. 725). The statute requires that the operator or agent of every coal mine shall employ a competent and practical inside overseer. For what purpose? To better secure the proper ventilation of the coal mine, and promote the health and safety of persons employed therein. Operators and agents are not supposed to have the practical knowledge necessary to look after these matters which are of so much importance to the interests of the miners and employes in and about the mines; therefore the legislature, with proper solicitude for the welfare of those who brave the dangers of the mines in order to make a living for those dependent upon them, asserts its prerogative, and so far interferes with the private business of the capitalist who engages in the mining business as to require him to take into his employment a person whose

experience in the business and sound judgment equip him for such management and oversight of the conduct of the mine as to reduce the dangers thereof to a minimum. The operator is left no choice—no discretion—in the matter. Although he may himself be a practical miner, possessed of all the qualifications of a mine boss, yet under the statute he is compelled to employ such person. Did the appellee in this case comply with the statute?

The record shows that Thomas Litefoot, a man thirty-nine years of age, a practical miner of nearly thirty years' experience in "digging coal and doing everything in a coal mine," was at the time of the injuries complained of, and had been for some months prior thereto, the mine boss in the employ of appellee. What more could be required of appellee than compliance with the strict provisions of this statute for the protection and safety of the miners and other employes of the mines?- There is no evidence tending to show incompetence of the mining boss, or negligence of appellee in employing him in that capacity; none whatever to prove, or tending to prove, that appellee knew or had notice of any part of the mine being in a dangerous condition. "Where a person or corporation is compelled by law to employ an individual in a given matter, no liability attaches for his tortious or negligent acts." 14 Am. & Eng. Enc. Law, 809. "When the law compels the corporation to give a contract for grading a street to the lowest bidder, it takes away from the corporation the responsibility arising from the acts of the person taking the contract." *James* v. *City of San Francisco*, 6 Cal. 528; Story, Ag. § 456; *Milligan* v. *Wedge*, 12 Adol. & E. 737. In *Waddell* v. *Simoson, supra,* Justice Gordon says in the court's opinion: "Moreover, as the defendants had complied strictly with the eighth section of the act of 3d of March, 1870, in providing a practical and skillful inside overseer or mining boss, as they had thus fulfilled the duty imposed upon them by the general assembly, it is not for this or any other court to charge them with an additional obligation, * * * It is too plain for argument that, if the defendants have not violated said act, they are not responsible. To this doctrine we must adhere, and the more so that it is just

and reasonable.  The act is one of great practical utility to the miner, and lays upon the proprietors of mines all the burdens they ought of right to bear.   They must provide capable overseers for their works, and they must furnish what, by such overseers, is required for the safety and welfare of the men engaged in those works.   More than this they cannot do, for upon the judgment and skill o these practical agents they must depend quite as much as any of the men who are engaged in their mines.   Bosses, however well intentioned and skillful, cannot always be on the watch.   Occasionally they will fail in judgment, and at times even be negligent.   But of this the workman is quite as well aware as his employer, and upon entering upon the employment of mining he must assume the risks that are ordinarily incident thereto, among which are those accidents that may result from negligence of co-employes, of whom, as we have seen, the mining boss is one."   In all the cases decided in Pennsylvania under the statute requiring operators of mines to employ mine bosses, it is held that these mine bosses are fellow servants with the miners and employes in the mines.   An act of the general assembly of Pennsylvania, passed in 1891, "to provide for the health and safety of persons employed in and about the anthracite coal mines of Pennsylvania, and for the protection and preservation of property connected therewith," provided what qualifications a mine foreman or assistant mine foreman should possess, and provided for a board of examiners of such foremen, and that none should be employed as such who was not certified by such board; and further provided "that for any injury to person or property occasioned by any violation of this act or any failure to comply with its provisions by any mine foreman, a right of action shall accrue to the party injured against said owner or operator for any direct damages he may have sustained thereby; and in case of loss of life by reason of such neglect or failure aforesaid, a right of action shall accrue to the widow or lineal heirs of the person whose life shall be lost for like recovery of damages for the injury they shall have sustained."   In the case of *Durkin* v. *Coal Co.*, 171 Pa. St. 193, (33 Atl. 237), it is held that this act, "in so far as it imposes liability on the mine

owner for the failure of the mine foreman to comply with the provisions of the act which compels his employment and defines his duties, is unconstitutional and void." The duty of the operator or agent is to employ a competent mine boss according to the provisions of the statute, and when he has done so he has discharged his duty to his employes in relation to those duties which the statute prescribes shall be performed by such mine boss, and the operator or agent is not liable for injuries arising from the negligence of the mine boss, who is not a vice principal, as his duties are not delegated to him by his employer, but are prescribed by statute, and he is a fellow servant, as in case of an injury to other employes through his negligence the master is not responsible. The court did not err in sustaining the demurrer to the evidence, and the judgment must be affirmed.

*Affirmed.*