# CHARLESTON

PURKEY v. SOUTHERN COAL & TRANSPORTATION CO.

Submitted February 9, 1905,  Decided April 25, 1905.

1. MASTER AND SERVANT—*Safe Place to Work—Ordinary Risk.*

   A servant, knowing the place at which he is required to work to be unsafe, cannot rely upon the statement of a fellow servant that the place is safe, or that it will be made safe, and thereby encounter the danger, without assuming the extra risk incident thereto. (p. 597.)

2. PERSONAL INJURY IN MINE—*Mine Boss—Incompetency—Evidence.*

   In an action to recover damages for personal injuries alleged to have been sustained by reason of the incompetency of a mine boss it is error to admit the opinions of witnesses as to such incompetency. (p. 597.)

3. MASTER AND SERVANT—*Master's Duty as to Safe Place to Work—Servant's Risk.*

It is the duty of the master to provide a safe place for his servants to work. And when the servant enters the master's employment, he may presume that this has been done, but, if, after discovering the place to be unsafe, he continues in the employment, he thereby assumes the extra risk, and cannot recover for an injury resulting to him by reason thereof. (p. 598.)

Error to Circuit Court, Barbour County.

Action by William H. Purkey against the Southern Coal & Transportation Company.    Judgment for plaintiff, and defendant brings error.

*Reversed.*

A. G. DAYTON and FRED O. BLUE, for plaintiff in error.

SAMUEL V. WOODS and HARRY H. BYRER, for defendant in error.

SANDERS, JUDGE:

The various assignments of error presented by the record can be reduced to two questions; one is, did the court err in giving instruction No. 4 for the plaintiff, which is in the following language: "The court instructs the jury that the plaintiff had a right to rely upon the statements of the mine boss, as true, and if they believe from the evidence, that plaintiff was assured by the mine boss that the place where he was sent to work was safe, the plaintiff was not guilty of negligence in relying upon the statement made to him by the mine boss, as true." This instruction presents the question, was the plaintiff, while engaged in working for the defendant in its coal mine, lulled into a feeling of security and safety by the mine boss; as to whether or not a certain place in the mine at which the plaintiff was directed to work was a safe place; and, if so, was the act and conduct of the mine boss in making such representations the act of a vice-principal of the defendant, or the act of a fellow-servant? If the act of a vice-principal, then if the plaintiff has brought himself within the well defined rules laid down by this Court, he could recover; but if the representations were made by a fellow-servant, although the plaintiff was thereby lulled into a feeling of security and safety, then he could no more recover for the wrongful act than he could for any other negligent act of such fellow servant. The case of *Graham* v. *Newburgh O.*

*C. & C. Co.*, 38 W. Va. 273, is cited to support the plaintiff's contention upon this point. That case has no application now. It is true that at the time it was rendered a mine boss was held to be a vice-principal of his employer, but in the case of *Jackson* v. *N. & W. R. Co.*, 43 W. Va. 380, this rule has been changed, and under the application of the doctrine of that case, a mine boss is the fellow-servant of his co-employe. Also, in the case of *Williams* v. *Thacker C. & C. Co.*, 44 W. Va. 599, it was held that "a mine boss so employed is such a fellow-servant as in case of an injury to other employes through his negligence, the master is not responsible;" and in the opinion of that case it is expressly held that a mine boss is not a vice-principal of his employer. Therefore, in conformity with these cases, we must hold that the mine boss was a fellow-servant of the plaintiff, and for that reason the representations that the place at which the plaintiff was required to work was safe, cannot operate to charge the defendant for an injury received by the plaintiff while working at such place, and, therefore, it was error to give the instruction.

The other question presented is, whether or not the verdict is supported by the evidence. The plaintiff claims that Floyd Dillon, the mine boss, was incompetent, and that, by reason thereof, the injury of which he complains, was sustained This brings up for our consideration, first, the exceptions of the defendant as to the admission of the evidence of the plaintiff, Ed. Owens, and Webster Poling. These witnesses were permitted to give their opinions as to the incompetency of the mine boss. This is not the proper mode of proving such incompetency. The question as to whether or not the mine boss was incompetent was the very question upon which the jury were called to pass, and, therefore, opinions of witnesses should not be given, but facts should be stated by the witnesses, and from these facts the jury permitted to draw the proper conclusions. "But engineers, conductors and others skilled in railroad matters, like other experts, are not allowed to give their opinions as to whether ordinary care of prudence has been exercised in the matter in controversy, or as to the competency of another person to perform his duties." Jones on Evidence, sec. 383. And in the case of *Cherokee & Pittsburg Coal & Mining Co.* v. *John Dickson*, 55 Kan. 62, it was held: "Where one of the principal ques-

tions to be tried in the case is whether a co-employe of the plaintiff was a competent and skillful miner, it is error to permit a witness, who is himself a skillful miner, over the objection of the defendant, to give his opinion as to the skill and competency of such co-employe." It would have been proper, in this case, for the plaintiff to have shown what the occupation of Dillon had been, how much experience he had had as a miner, the general manner in which he did his work, and to show by those who were skillful in the business, wherein his work differed from that of a skillful miner. "The incompetency and carelessness of an engineer, being issues in the case, were questions for the jury to determine, and it is error to permit witnesses to state their conclusions and opinions on these questions." *Frederick Stoll* v. *Daly Mining Co.*, 19 Utah 272. And it is held in the case of *Langston* v. *Southern Electric Co.*, 147 Mo. 457, that it is improper for a witness to state his opinion that the motorman in charge of a car on which the plaintiff was riding at the time he was injured, was competent. Also, see *Moore* v. *Chicago, Quincy and Burlington Ry. Co.*, 54 American Rep. 26.

This opinion evidence being inadmissible, then there is no evidence from which the jury could conclude that the mine boss was incompetent.

The plaintiff claims that the defendant failed to furnish him a safe place to work, but, whether this be so or not, the plaintiff knew of the danger which he says rendered the place unsafe, and, knowing of the danger, voluntarily encountered it, and, having done so, he is charged with having assumed the extra hazard, and, for that reason, cannot recover. It is the master's duty to furnish his servants a safe place, and when the servant enters the employment of the master, he may presume that the master has done so; but this is only a presumption, and when it is apparent to the servant that the place is unsafe, and he then continues in the employment, he thereby assumes the additional risk.

It may be thought that we have dealt somewhat summarily with this question, but the principle is so well settled that a continued discussion of it will serve no good purpose.

For the foregoing reasons, the judgment of the circuit court is reversed, the verdict of the jury set aside, and a new trial awarded.

*Reversed.*