# CHARLESTON.

## DWYER *v.* RALEIGH COAL & COKE COMPANY.

Submitted June 3, 1910.   Decided February 28, 1911.

1. MASTER AND SERVANT—*Injuries to Servant—Disregard of Warning.*

   A miner, employed in a coal mine, can not by disregarding the judgment of the mine foreman, that the place in which he is working has become dangerous and unsafe, and the statute which inhibits the mine foreman from permitting him, and him from working there, and by accepting the assurances of safety, and obeying the order of the operator or his superintendent, to work in the forbidden places, render the operator liable as at common law for personal injuries sustained thereby.

2. DECLARATION.

   The demurrer to the declaration and each count thereof, in this case, founded on a different theory, was properly sustained.

   (BRANNON, JUDGE, absent.)

Error to Circuit Court, Raleigh County.

Action by Lawrence F. Dwyer against the Raleigh Coal & Coke Company. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*J. Lewis Bumgardner, J. T. Lawless* and *File & File,* for plaintiff in error.

*McGinnis & Hatcher* and *Price, Smith, Spilman & Clay,* for defendant in error.

MILLER, JUDGE:

This is an action on the case for personal injuries sustained

by plaintiff, by the falling of slate and rock, while employed as a miner in defendant's coal mine.

The declaration is in four counts. The court below sustained defendant's demurrer thereto and to each count thereof, and, plaintiff declining to amend, pronounced the judgment complained of, that plaintiff take nothing by his action; wherefore this writ of error.

It is claimed by defendant's counsel, and practically conceded by counsel for plaintiff, that unless the averments of the several counts, or some one or more of them, present an exceptional case, this case must be ruled by *Williams* v. *Thacker Coal Co.*, 44 W. Va. 599, *McMillan* v. *Coal Co.*, 61 W. Va. 531, *Squilache* v. *Tidewater Coal Co.*, 64 W. Va. 342, and *Bralley* v. *Tidewater Coal & Coke Co.*, 66 W. Va. 278. It is unnecessary, therefore, to here again reiterate the principles of those cases.

The first, second and fourth counts aver the employment by defendant of a competent "inside overseer", or "mine foreman"; and the third count not negativing the employment of such officer, we must assume, on demurrer, that what the statute requires of a coal operator, has in fact been done by him. It is averred in the first, second and fourth counts, as distinguishing this case from the cases cited, that the mine foreman condemned and pronounced unsafe certain rooms in defendant's mine, including that in which plaintiff was employed, and that thereafter on the same day, the defendant's superintendent, with power and authority to control, direct and supervise all mining operations, and to employ, discharge, control, direct and supervise all other servants and employees, including plaintiff, carelessly and negligently inspected said rooms, so condemned as dangerous and unsafe by said mine foreman; and the second count, which is typical of the others, but not the first, also alleges that knowing the same had been so condemned, that said superintendent carelessly and negligently directed and ordered plaintiff to work in one of said rooms, which he knew or could have known by the exercise of reasonable and ordinary care on his part, was dangerous and unsafe for plaintiff to work in, and assured plaintiff that said room or working place in said mine was safe, or that he could work there without danger, and without warning him of any danger; and in each count plaintiff avers he did not know, and could not, by the exercise of

reasonable and ordinary care on his part have known, by reason of his inexperience as a coal miner, that said room in which he was so ordered to work was.dangerous and unsafe.

These three counts are wholly wanting in averment that defendant, or its representative, in any way interfered with the mine foreman in the discharge of the duties imposed on him by the statute; or that he was for any reason unable to render the mine safe as he was by law required to do or that he gave any notice to defendant or its agent, of his inability to comply with any requiremnt of the statute; or that defendant failed in any respect to comply with any requirement of the law imposed by statute upon it. True it is alleged that said superintendent, after said rooms had been so condemned by the mine foreman, as unsafe and dangerous, failed and neglected to remove the loose rock and slate in the roof thereof and make said mine safe, but this is a duty imposed by statute upon the mine foreman, and the fact that said superintendent may have ordered plaintiff to work therein, if material, can not be construed on demurrer, as any interference by him with the mine foreman in the discharge of the duties imposed upon him by law. Nor do we think, that fairly interpreted, either of these counts, avers want of knowledge on the part of plaintiff, at the time he was ordered by the superintendent to work therein, that these rooms in the mine had been condemned as dangerous and unsafe by the mine foreman. By alleging that after the mine had been so condemned by the mine foreman, the superintendent negligently inspected the same, and assured plaintiff of its safety, and ordered him work therein, it seems to us plaintiff, impliedly at least, admits knowledge of the prior condemnation of the mine by the mine foreman; else why did he need the assurances of the superintendent? The allegation, that, afterwards, because of his inexperience as a miner, he did not know and could not by the exercise of reasonable and ordinary care have known that said room in which he was so ordered to work was dangerous and unsafe, does not amount to an averment of want of knowledge that the place he was ordered to work in had been condemned as unsafe by the mine foreman. He was not required to exercise his own judgment. The law puts into every coal mine a mine foreman for that purpose; and it is to him that every miner

68 W. Va.

must look for protection. · Moreover, the law inhibits a miner from working in a dangerous place in a mine, and imposes a penalty on mine foreman and miner for a violation of their respective duties in the premises, and upon the operator for the violation of any duty imposed upon him by the statute, and there is not in either count any averment of neglect of any duty imposed by statute on the defendant company.

So in the final analysis of the pleadings, we are confronted with the single question: Can a miner, employed in a coal mine, disregard the judgment of the mine foreman, that the place in which he is working has become dangerous and unsafe, and the law enacted not only for his protection, but for the protection of every fellow workman, and which inhibits a mine foreman from permitting him, and him from working there, and by accepting the assurances of safety, and obeying the order of the operator, or his superintendent, to work in the forbidden places, render the operator liable as at common law, for damages for personal injuries sustained thereby? The statute, chapter 15h, section 15, (sec. 410) Code Suppl. 1909, says: "the said mine foreman shall not permit nor shall any one work in a place·known to be unsafe unless it be for the purpose of making it safe." And it further says: "Any operator or agent of any coal mine; *or other person* who shall neglect to comply with the requirements of this section shall, upon conviction, be guilty of a misdemeanor and shall be fined not less than fifty nor more than five hundred dollars, or be imprisoned in the county jail not less than ten days nor more than ninety days at the discretion of the court. Any mine foreman or *employee* failing to comply with this section shall, upon conviction, be fined not less than five dollars, nor more than fifty dollars, or imprisoned in the county jail not less than ten days nor more than ninety days, in the discretion of the court."

Having due regard to these and other provisions of the statute and its manifest purposes and objects, should we, as we are asked to do in this case, give the statute a construction which would practically nullify it, render it impotent and incapable of accomplishing its purposes and objects, and thus relieve miner and mine foreman, as well as operator, of duties imposed upon them respectively by law, and thereby allow the operator

to usurp the functions of mine foreman, and operator and miner to disregard the judgment of condemnation by mine foremen, and thereby leave operator and miner to their common law rights and liabilities as before the statute was enacted? We do not see how, upon reason or principle, we can give the statute such construction. Its letter and spirit forbid. The law may not in its practical workings furnish adequate protection to the miner in his dangerous employment. It may not be as good a law for him as if he had been left to his common law rights and remedies; if so, the legislature, not the courts, is the proper place to go for relief. It is suggested in argument that the construction we give the statute is inhuman. Is it inhuman to put a competent and experienced mine foreman in every coal mine, to protect the miner, even from the consequences of his own folly, well illustrated in this case, of disregarding the judgment and warnings of the one who, at the risk of criminal prosecution, he is forbidden to disobey? We do not think so. If the law is respected and obeyed by all upon whom it imposes duties and responsibilities, including the miner, and is enforced as it ought to be, by the officers of the law, it seems to us it would afford to every one concerned, all the protection which because of the dangerous and hazardous character of the business, it is possible by law to provide.

But it is suggested that because of the power and authority of the owner and operator of a mine over his business, and over his employees, including mine foreman and miner, disobedience of his orders would result in dismissal, loss of employment, and other consequences to which such employee should not be subjected, and that if operator and miner are willing they should be permitted to disregard the law, and by disobeying it, incur only common law rights and liabilities. The proper and only sensible answer to this suggestion is, that the law was not made to be thus disobeyed. By relieving those who may be willing to disregard it would be to put in peril the lives and interests of others employed in and about the same mine, who are satisfied with and obedient to its mandates. Is it not better, if such is the only alternative, that an employee in a coal mine should lose his job rather than that he should put all others in jeopardy

and incur the danger of losing his own life or limb? We certainly think so.

The breach of duty charged in each of these three counts and upon which plaintiff predicates his right of recovery, is the alleged failure of defendant's superintendent to remove the loose slate and rock, and to warn plaintiff of the danger, and not to order him to work in the dangerous place. But the statute in the plainest terms imposes these duties not on the operator or his superintendent, but upon the mine foreman. The operator has a duty to perform in relation thereto, when called upon by the mine foreman, but it is not the duty alleged in the declaration to have been violated, and to which plaintiff refers his injuries. Clearly plaintiff's alleged injuries were due to the breach of duty of the mine foreman, to make the place in which he was required to work safe and secure, as the law requires, the negligence, as we have decided, of a fellow servant, and not of the mine owner. For these reasons, we do not think the first, second and fourth counts state a legal cause of action against defendant, and that the demurrer thereto was properly sustained.

In the third count the breach of duty alleged is that defendant negligently allowed the roof of the rooms, in which plaintiff and others were required to work, to become insecure and dangerous, in that a sufficient surface or covering was not left over said rooms, to give warning to the employees working therein, in other words that defendant failed to provide a "warning roof." Such a duty is not imposed by statute, and as suggested in argument it is not averred that leaving more surface or covering over the roof of the working places than was left would have given warning to workmen before the roof fell in. But if such surface covering was necessary to render these working places safe, this was a duty of the mine foreman, if not the miner himself, as he progressed with the work of undermining and blowing down the coal. Moreover, as is further suggested by counsel, this count does not distinctly allege that the room in which plaintiff was working, and ordered to work, was one of the rooms thus alleged to have been rendered unsafe. It is alleged he was working in a "certain room or working place", but not that this was one of the rooms become unsafe for want

of sufficient covering. If, however, the averment was that this certain room "was one of those so rendered unsafe", it would we think be the negligence, if negligence at all, of the mine foreman, not of the defendant. We do not think this count states a good cause of action against the defendant company.

Perceiving no error in the judgment below, therefore, it must be affirmed.

*Affirmed.*