*Writ Awarded.*

---

# CHARLESTON.

LUCIEN H. DAVIS *v.* MABSCOT COAL & COKE CO.

Submitted March 22, 1910.     Decided November 14, 1911.

1.  MASTER AND SERVANT—*Injury to Miner—Negligence of Mine Boss.*

    The principles of non-liability of a mine owner for neglect of the mine boss laid down in *Williams v. Thacker Coal Co.*, 64 W. Va. 599, *McMillan v. Coal Co.*, 61 W. Va. 531, *Squilache v. Coal & Coke Co.*, 64 W. Va. 337, and *Brally v. Tidewater Co.*, 66 W. Va. 278, approved and applied to this case.  (pp. 741, 742).

2.  SAME—*Injury to Miner—Falling Slate.*

    Though the mine owner have notice of defect in safety from slate in the roof of a mine, yet if the mine boss inspect it and pronounce it safe, the mine owner is not liable to a worker in the mine for injury to him from slate falling from overhead. (pp. 741, 742)

Error to Circuit Court, Raleigh County.

Action by Lucien H. Davis against the Mabscot Coal & Coke Company.  Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*W. E. Allen* and *J. Lewis Bumgardner,* for plaintiff in error.

*McGinnis & Hatcher,* for defendant in error.

BRANNON, JUDGE:

Bowman, an employee of the Mabscot Coal & Coke Company operating a coal mine, was killed while at work laying track by slate falling from the roof of an air course, and Davis, administrator, sued the company for damages, and the court struck out the plaintiff's evidence and directed a verdict for the defendant.

The mine operator employed a competent mine boss as required by our statute, and as the duty of watching overhead

slate rests on this boss, the mine owner is not responsible for the negligence of this boss. A number of decisions have established this rule. *Williams* v. *Thacker Co.,* 44 W. Va. 599; *McMillan* v. *Coal Co.,* 61 *Id.* 531; *Bralley* v. *Tidewater Co.,* 66 *Id.* 278; *Squilache* v. *Coal & Coke Co.,* 64 *Id.* 337. It is frankly admitted by counsel that unless this case can be differentiated from those cases the plaintiff cannot recover, and to do so the plaintiff alleges that the proof shows that the defendant's superintendent had notice of the unsafety of the roof of the air course a month before the accident, and did not remedy it. We do not say whether, if a mine owner has notice of a defect, he must take steps to render it safe, or may remain inactive, leaving the matter to the mine boss.

. In the first place I do not think the evidence adequate to fix notice. A miner simply gave an opinion, in casual conversation with the Superintendent, that the roof was in unsafe condition, specifying no particular place or portion of slate, pointing out nothing, a mere accidental remark or opinion. Indeed, hardly that. While one Griffith was driving the air course one Lewis remarked to the superintendent that Griffith was not paying attention to the roof while at work, and was in danger of being killed. But if this were not so, we say that all that could be required would be that the superintendent call the mine boss to inspect. It is not shown that he did so; but it is shown that the mine boss did go to this particular place, and inspect the roof, and pronounce it safe. As the boss knew all that he would have known had the operator given him notice, no notice was required. We do not think the facts take this case out of the principles established in the cases cited, and we affirm the judgment.                                            *Affirmed.*