# CHARLESTON.

Thompson *v.* Baltimore & Ohio Railroad Co.

Submitted March 12, 1912. Decided May 27, 1913.

Railroads—*Fire Set by Locomotives—Evidence.*

> The origin of a fire by sparks from a locomotive may be established by circumstantial evidence which justifies a reasonable and well grounded inference that the fire was of such origin, and rebuts the probability of the fire having originated from any other source.

Error to Circuit Court, Berkeley County.

Action by John L. Thompson, for use, against the Baltimore & Ohio Railroad Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Faulkner, Walker & Woods,* for plaintiff in error.

*H. H. McCormick* and *C. E. Martin,* for defendant in error.

Robinson, Judge:

The dwelling house of John L. Thompson, situated along the main line of the Baltimore & Ohio Railroad, was destroyed by fire. Claiming that the fire originated from sparks emitted from a locomotive, Thompson sued the railroad company to recover damages for the loss. At the trial the defendant demurred to the evidence. The court overruled the demurrer and entered judgment for the plaintiff.

By this writ of error defendant challenges the ruling of the trial court on the demurrer to the evidence. It is submitted that the evidence does not entitle plaintiff to judgment. The correct test on a defendant's demurrer to evidence is: Would the evidence warrant a verdict for the plaintiff? In this case,

we are clearly of the opinion that it would. The court committed no error in giving plaintiff judgment.

Defendant insists that it is not proved that sparks from a locomotive caused the fire. Plainly from the facts and circumstances in evidence a jury would be warranted in the inference that the fire came from an engine on the railroad. "Circumstantial evidence to raise an inference is often all that can be had to show the origin of the fire." Baldwin on American Railroad Law, 440. See also, 3 Elliott on Railroads, sec. 1243; 13 Amer. & Eng. Enc. of Law, 513. In this case, the evidence, though circumstantial, is sufficient to justify a reasonable and well-grounded inference that the fire originated from defendant's engine 1805, or its helper. The evidence is such as to rebut the probability of the fire having originated from any other source. Upon such evidence a jury could base a verdict. 33 Cyc. 1381-1385. Defendant argues that these engines passed the premises too long a time before the fire was discovered to have been the cause of the fire. But from facts and circumstances that are shown a jury could have reasonably found otherwise. Indeed one phase of the testimony would fix the starting of the fire on the porch roof next to the railroad very soon after the running of the train to which engine 1805 and its helper were attached.

Since under the evidence blame for the fire must be attributed to defendant, then presumtively it was negligent. *Jacobs* v. *Railroad Co.,* 68 W. Va. 618. As to engine 1805 and its helper, defendant offered no evidence to repel the presumption of negligence. So the origin of the fire and negligence in setting it out are both legally imputable to defendant.

The judgment will be affirmed.

*Affirmed.*