## CHARLESTON.

### MILLS v. NORFOLK & WESTERN RAILWAY CO.

Submitted September 6, 1912.    Decided October 28, 1913.

1. RAILROADS—*Fires—Instructions.*
    In an action against a railway company for destruction of property by fire alleged to have been started by sparks emitted from a locomotive, it is error to instruct the jury that the presumption of negligence, which arises from proof that the fire started from sparks so emitted, may be repelled by proof that the locomotive was equipped with an approved spark arrester, without more.  (p. 94).

2. SAME—*Fires—Presumption of Negligence—Proof to Rebut.*
    In such case, the presumption of negligence, which arises from proof that sparks from the locomotive started the fire, can only be repelled by proof that the locomotive was constructed, equipped, and operated in a reasonably safe way in relation to danger of fire therefrom.  (p. 94).

3. SAME—*Negligent Equipment—Spark Arrester.*
    It is not required that the locomotive be equipped with the best and most approved spark arrester, but only with an approved and reasonably safe one.  (p. 95).

Error to Circuit Court, Mercer County.

Action by C. W. Mills against the Norfolk & Western Railway Company.  Judgment for defendant, and plaintiff brings error.

*Reversed, and New Trial Awarded.*

*Hale & Pendleton,* for plaintiff in error.

*A. W. Reynolds,* for defendant in error.

Robinson, Judge:

Mills sued the Norfolk and Western Railway Company, demanding damages for loss of property by fire alleged to have been negligently set out on his premises by sparks from a passing locomotive. At the trial of the action, the jury found for defendant, and plaintiff comes assigning errors to his prejudice.

That erroneous instructions were given on behalf of defendant is plain from the record. That by their binding character they were prejudicial to plaintiff is likewise clear.

Plaintiff's evidence tended to establish a prima facie case of negligence. From his evidence the jury were warranted in believing that the fire which destroyed plaintiff's property was set out by the sparks from a passing locomotive of defendant. If the jury so believed, then a presumption of negligence on the part of defendant arose, which the defendant was obliged to repel in order to acquit itself, by proving that the locomotive was properly constructed to avoid setting out fire on premises adjoining the railway by being equipped with an approved and reasonably safe spark arrester, and that as so constructed and equipped it was operated in a reasonably safe way in relation to danger of fire therefrom. *Jacobs* v. *Baltimore & Ohio Railroad Co.,* 68 W. Va. 618; *Wilson Bros.* v. *Bush, Receiver,* 70 W. Va. 26; 33 Cyc. 1364-1367.

Now, defendant introduced evidence tending to prove that the locomotive was equipped with an approved and reasonably safe spark arrester, but it offered no evidence tending to prove operation of the locomotive so equipped in a reasonably safe way. The best appliance may be so negligently used as to fail to furnish the protection for which it is intended. The mere statement of the engineer that he had been running for seven years is not enough. On this occasion he may have been negligent. For instance, he may have had greater draught on the engine than necessary. Defendant, therefore, did not fully repel the presumption of negligence arising from the evidence offered by plaintiff. Yet the court virtually instructed the jury that the use of an approved spark arrester alone would repel that presumption. It gave two binding instructions to the effect that the jury should find for defend-

ant if they believed that such a spark arrester had been used, without more. The court thereby told the jury to find for defendant notwithstanding plaintiff's prima facie case was not rebutted by defendant. The court thus took from plaintiff the benefit of his prima facie case. By binding instructions it directed the same to be rebutted by that which was insufficient in law to do so. Only by showing proper construction, equipment, and operation of the locomotive is the presumption repelled. *Wilson Bros.* v. *Bush, Receiver, supra.* Nothing else will disprove the presumption of defendant's negligence. "In addition to exercising care and precaution in selecting and keeping in repair the machinery and appliances the company must not be guilty of negligence in operating that machinery, for if it so negligently operates machinery that fires result, it will be liable." 3 Elliott on Railroads, sec. 1225. It was this principle that the court had in mind when it used the term "competent servants" in *Jacobs* v. *Railroad Co., supra.*

Defendant argues that negligence in operation of the locomotive is not within the averments of plaintiff's declaration. We find it otherwise. Under the averment of negligence in that pleading plaintiff's prima facie case was clearly admissible. When it was made out the burden was on defendant.

Plaintiff says the court erred in refusing three instructions for which he asked. We find the first two erroneous and properly refused, because they use the words "best and most approved" in relation to the kind of spark arresters that a railroad company must use to avoid liability. *Wilson* v. *Bush, Receiver, supra.* This same error was in the instructions given for defendant which we have held bad, but of course plaintiff can not complain of that. The other instruction asked by plaintiff was properly refused. It puts a higher duty on the railway company than the law of the case recognizes. We do not think it essential to discuss the point.

The judgment will be reversed, the verdict set aside and a new trial awarded.

*Reversed, and New Trial Awarded.*