# CHARLESTON

## McLaughlin v. B. & O. R. R. Co.

Submitted November 10, 1914.   Decided December 15, 1914.

1. Railroads—*Fires—Equipment With Spark Arresters—Duty.*
    It is the duty of a railroad company to keep its locomotives equipped with spark arresters, so constructed as to give the best practicable protection against the escape of fire and sparks. Sec. 54, Ch. 62, serial section 3518, Code 1913.   (p. 289).

2. Same—*Fires—Presumption of Negligence—Spark Arresters.*
    Proof that a building, situate eighty-four feet from the railroad track, in the course of a strong wind and in dry weather, was discovered to be on fire, on the side next to the railroad, within a few minutes after a train had passed, raises a presumption of negligence which the railroad company must overcome by proving that its engine was equipped with a spark arrester so constructed as to give the best practicable protection against the escape of sparks, and that its servants in charge thereof were exercising due care in its operation.   (p.290).

3. Same—*Fires—Negligence—Conflicting Evidence—Question for Jury.*
    If the proof makes it reasonably certain that a fire originated from a spark escaping from a railroad engine and the testimony of expert witnesses tends to prove that the fire could not possibly have so originated if the spark arrester actually used had been in good condition, and other witnesses testify that they examined the spark

arrester on the day of the fire, both before and after the fire, and found it in good condition, the question of negligence involved is one of fact for jury determination from the conflicting evidence.  (p. 290).

4.  SAME—*Fires—Care Required.*
    The degree of care necessary in any case depends upon the danger to be avoided, and a railroad company is bound to exercise greater care to prevent the escape of fire in dry and windy weather, and when operating its engines in the proximity of buildings liable to be set on fire, than it is required to exercise when there is less danger from escaping sparks.  (p. 291).

5.  SAME—*Fires—Evidence—Effect.*
    The engineer's testimony that he was careful at the time the fire is alleged to have been started and that he did not notice that his engine was throwing out any more sparks than usual, does not prove that the fireman may not have been then negligent.  (p. 291).

Error to Circuit Court, Wood County.

Action by Mary McLaughlin against the Baltimore & Ohio Railroad Company.  Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*J. W. Vandervort,* for plaintiff in error.

*V. B. Archer,* for defendant in error.

WILLIAMS, JUDGE:

Plaintiff recovered a judgment for $852.82 for the loss of her barn, occasioned by the alleged negligence of defendant in suffering sparks to escape from one of its locomotives and set fire to it, and by this writ of error it seeks reversal thereof.  The points of error assigned are that the court improperly overruled defendant's two motions, (1) to direct a verdict for it, and (2) to set aside the verdict and grant it a new trial.  Both assignments involve the question of the sufficiency of the evidence to sustain the verdict.  The following facts are proven and not controverted, viz: that the plaintiff's barn was located eighty-four feet from the center of defendant's railroad tracks, that on the 26th day of September, 1912, about three or four o'clock in the afternoon, it caught fire and

burned to the ground; that on that day and for some days previous the weather was dry; that the fire was discovered in the gable, near the roof of the building, about ten minutes after defendant's passenger train No. 12 had passed, going east; that the afternoon was dark and cloudy, threatening rain, and a strong wind was blowing from the railroad toward the barn; that the grade of the railroad at that place was practically level for some distance; and that there was no reasonable way of accounting for the fire, other than that it had caught from a spark from defendant's engine. Those facts were sufficient to warrant the presumption that the fire was due to the negligence of defendant's servants. They prove, *prima facie,* negligence which defendant had to rebut by proving to the satisfaction of the jury that it's engine was properly constructed and equipped with a reasonably safe spark arrester so as to give the best practicable protection against the escape of fire and sparks from the smoke stack, and that it was being carefully operated at the time. *Mills* v. *N. & W. Ry. Co.,* 79 S. E. 1090; *Jacobs* v. *B. & O. R. R. Co.,* 68 W. Va. 618; *Wilson* v. *Bush,* 70 W. Va. 26; and *Thompson* v. *B. & O. R. R. Co.,* 78 S. E. 624; *Johnson* v. *Chicago &c. Ry. Co.,* 31 Minn. 57, 13 A. & E. R. R. Cases, 460. It is the duty of railroad companies to keep such parts of their rights of way as pass through lands that are subject to fire for any cause clear of grass, brush and other inflamable materials, and to provide their locomotives "with netting of steel or iron wire so constructed as to give the best practicable protection against the escape of fire and sparks from the smoke stack thereof, and adequate devices to prevent the escape of fire from ash pans and furnaces which shall be used on such locomotives." Sec. 54, Ch. 62, serial section 3518, Code 1913.

It is not seriously contended that the building was not actually fired by a spark from the engine, but it is strenuously urged in brief that defendant's evidence is sufficient to overcome the presumption of negligence. The law is well settled that, unless a railroad company has been negligent, it is not liable and there can be no recovery on account of damage by fire escaping from its engine. It has a right to operate its trains, and is not an insurer against destruction of prop-

erty by fire. It is under a duty, however, to exercise reasonable care to keep its engines equipped with proper fire arresters, and to use like care in the operation of its engines. 3 Elliott on Railroads, sec. 1225; 33 Cyc. 1325; and 2 Thompson on Negligence, sec. 2234, and cases above cited.

In addition to the facts above stated, and as further proof of negligence, plaintiff introduced as a witness Miss Clara E. Winans, a school teacher, who testified that on the day the fire occurred she was teaching school in a school house near the railroad and noticed train No. 12 as it passed, and saw the engine emitting large sparks that appeared to her to be carried by the wind as far as the school house; that the roof of the school house was old and dry and she feared it would be set on fire; that the bright glare on the smoke from the engine looked like a flame. It is proven that the school house is three-eighths of a mile from the barn, is on the same side of the railroad track and is a hundred feet from it, while the barn is but eighty-four feet. The same engine returned the next morning about three o'clock, and John McLaughlin says he was sitting up to watch the fire which was still smouldering to see that it did not spread to other buildings, and saw the engine emitting sparks on its return trip. Quoting his language: "It was throwing fire awfully; just raining fire out of the stack." He said the sparks went up forty feet. But a number of plaintiff's witnesses who were near the barn when the train passed the day before, testified that they did not notice sparks escaping, but said they saw the fire in the gable of the barn, next to the track, about eight or twelve minutes after the train had passed. That they did not observe any sparks does not necessarily contradict Miss Winans; sparks may have been escaping and they may not have noticed them.

But it is urged that the testimony of defendant's witnesses overcomes the *prima facie* negligence established by plaintiff's proof. Defendant proved, and that fact is not denied, that the engineer and fireman were men of long experience in operating locomotives and were competent men. And the engineer testified that he was careful at the time in question, and that he did not observe that his engine was throwing an

unusual amount of sparks. There is also testimony tending to prove that the engine was equipped with a spark arrester of approved pattern and that it was twice inspected on the day of the fire, once before and once after the fire occurred, and found to be in good condition. But there is such conflict in the evidence relating to its condition, as to render the fact a doubtful one to be settled by the jury. A number of expert witnesses were examined by defendant in relation to the spark arrester, and at least three of them admitted, on cross-examination, that, if sparks from the smoke stack did actually set fire to the building eighty-two feet away, it would indicate that the spark arrester was not in good condition. Mr. Flaherty, defendant's road foreman of engines, a man of large experience in operating locomotives, says he did not think it was possible for sparks to escape and be carried a distance of eighty feet, and that "a spark arrester that would permit a condition of that kind would be defective." This testimony considered in connection with plaintiff's evidence, which proves to a reasonable certainty that the barn was set on fire by a spark from the locomotive, and also in connection with the positive testimony of Miss Winans and John McLaughlin who say they saw sparks escaping from the smoke stack in large quantities, produces very grave doubt whether the spark arrester was in good condition. Defendant's servants may not have made a careful inspection of it and it may have had defects in it which they overlooked. The state of the evidence is such that the jury could properly find that the spark arrester was defective.

Moreover, the jury could infer from the evidence that the fireman was not exercising proper care in firing the engine at the time. He did not testify, and the engineer does not say that the fireman was careful. He only says he did not notice an unusual amount of sparks escaping. This does not prove that they were not in fact escaping, and escaping because of the fireman's negligence. A man of reasonably careful habits is liable to be negligent sometimes; and from aught that appears in the evidence the fireman may have been negligent on this particular occasion. He may have been stoking his furnace while there was a strong draught of air passing

through it, and there may have been no necessity therefor, which, in view of the weather conditions, would have constituted negligence. See authorities cited below. This particular engine is used on the road between Parkersburg and Grafton, and, at the time in question, was hauling a through train which runs from St. Louis to New York, known as No. 12 Express; the road is practically level near the barn, if not a little down grade in the direction in which the train was going; it was running about thirty-eight miles an hour, which is shown to be the ordinary speed; and there is no proof that it was running behind schedule time. It was very dry and a strong wind was blowing. In view of these conditions of the weather and the proximity of the barn, it was incumbent upon the engine crew to use greater care than would have been required under other conditions less favorable to the spreading of fire. The degree of care should be in proportion to the danger to the property of others along the road, having proper regard for the necessities of the railroad company and the duty it owes to the public in rendering efficient train service. 2 Thompson on Negligence, sec. 2235; 3 Elliott on Railroads, secs. 1225 and 1228; *Riley* v. *Chicago &c. Ry. Co.,* 71 Minn. 425, 74 N. W. 171; *Pittsburg &c. R. R. Co.* v. *Noel,* 77 Ind. 110; *Great Western R. R. Co.* v. *Haworth,* 39 Ill. 346; *Louisville & Nashville R. R. Co.* v. *Fort,* 112 Tenn. 432; *Marvin* v. *Chicago &c. Ry. Co.,* 79 Wis. 140; *Johnson* v. *Chicago &c. Ry. Co.,* 31 Minn. 57, 13 Amer. & Eng. R. R. Cases, 460

Complaint is made of plaintiff's instruction No. 2, which told the jury that, if they believed from the evidence and circumstances of the case, the barn was set on fire by a spark from defendant's engine then a presumption arose that it was negligent. This is the law. The instruction is not erroneous because it failed to state that his presumption might be overcome by proof of due diligence, the jury were fully advised on that point by instructions given at the request of defendant, and no prejudice was done it.

The judgment is affirmed.

*Affirmed.*