# CHARLESTON.

## JOHN O. AGLIONBY, FOR ETC. v. NORFOLK & WESTERN RAILWAY CO.

Submitted September 11, 1917.    Decided September 25, 1917.

1. RAILROADS—*Fires—Evidence.*

   In a suit for damages caused by a fire alleged to have resulted from sparks thrown from a passing locomotive of a railroad company, it is not necessary that direct evidence that the fire resulted from sparks so emitted shall be given, but this fact may be established by proof of circumstances excluding any other reasonable hypothesis. (p. 689).

2. SAME—*Fires—Negligence—Presumptions.*

   If in such case it is shown that the fire causing the damage resulted from sparks emitted from defendant's locomotives, there is a presumption that the defendant's negligence was the cause thereof; and if the defendant would absolve itself from liability for the damage caused by such fire, it must show that the locomotive was constructed, equipped and operated in a reasonably safe way. (p. 689).

3. SAME—*Fires—Presumption of Negligence—Rebuttal.*

   The presumption of negligence upon the part of the defendant company in such case may be repelled by showing that the locomotive, which it is charged emitted the sparks causing the fire, was equipped with approved spark arresters; that the same were in proper condition; that the defendant employed competent servants in the operation of said locomotive, and that these servants were performing their duties in a proper manner at the time of the fire. (p. 689).

4. EVIDENCE—*Opinion Evidence—Competency of Employee.*

   Where the competency of a person to perform the duties of a particular employment, which requires the possession of technical knowledge or mechanical skill is involved, a witness who is acquainted with the manner of the performance of such duties by the party whose competency is questioned, and who also shows himself possessed of the requisite technical knowledge and mechanical skill for the proper performance of such duties, may testify that the party whose competency is questioned is competent, or is not competent, for the particular employment. (p. 690),

5. RAILROADS—*Fires—Presumption of Negligence—Rebuttal.*

   The presumption of negligence arising from the fact that a fire was communicated by one of defendant's locomotives is not over-

come by the testimony of the engineman in charge thereof that he was operating his engine in a proper way at said time. In order to successfully overcome such presumption of negligence it must also be shown that the fireman who was employed at said time, in manipulating that part of the engine in his charge, was a competent fireman, and was performing his duties in a careful and proper manner. (p. 690).

Error to Circuit Court, Jefferson County.

Suit by John O. Aglionby, for the use, etc., against the Norfolks & Western Railway Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*H. H. McCormick,* for plaintiff in error.

*Brown & Brown,* for defendant in error.

RITZ, JUDGE:

This suit was instituted for the purpose of recovering the value of a house belonging to the plaintiff alleged to have been burned by a fire communicated by one of the defendant company's engines. On the trial of the case, after the introduction of the evidence, the defendant demurred thereto, and the court overruled said demurrer and rendered judgment for the plaintiff on the conditional verdict of the jury for the sum of four hundred dollars.

The defendant contends that its demurrer to the evidence should have been sustained because: first, it is not shown that the fire which destroyed the plaintiff's house resulted from sparks emitted from one of the defendant's engines; second, that even though it be conceded that such was the case, the defendant company has shown that it was guilty of no negligence in connection therewith by proving that the engines in question were equipped with approved spark arresters, were in good condition at the time, and were properly operated by competent sevants.

No witness testifies positively that sparks from the defendant company's engines set the fire complained of. It is shown that a few minutes before this fire was discovered the defendant company's train 1st 88 passed in a northerly di-

rection; that it had stopped a short distance below the plaintiff's house which was destroyed; that at the time it passed the house the engines were making considerable exertion in order to reach the normal speed; and that considerable quantities of sparks were being thrown out by one or the other of the locomotives attached to the train. Just after the train passed the occupant of the house which was destroyed discovered fire in the front yard. About fifteen minutes thereafter a neighbor came and informed her that her house was on fire. She immediately went out and found the roof of the house on fire on the side next to the railroad. This house was located within fifty feet of the railroad track. The weather had been very dry and there was no fire in the house at the time, nor had there been for sometime previous thereto.

It is not necessary that the plaintiff prove by direct evidence the agency of the defendant in communicating the fire in cases like this. *McLaughlin* v. *R. R. Co.,* 75 W. Va. 287; *Mills* v. *Ry. Co.* 73 W. Va. 93. Ordinarily in those instances where there is direct evidence of the communication of the fire the opportunity exists to extinguish it before serious damage results, and in those cases from which subsequent injury does result it is ordinarily impossible to furnish anything but evidence of a circumstantial nature to show the origin of the fire. The circumstances shown in this case are sufficient to warrant the conclusion that the fire was communicated by one of the defendant company's engines.

When it is shown that the fire was communicated by one of the defendant company's engines the presumption arises that the defendant company has been negligent. There is a duty upon a railroad company to equip its locomotives with approved spark arresters, and to properly maintain and operate them, which would include their proper inspection and repair, and their operation in a proper manner by competent servants. *Mills* v. *Ry. Co.,* 73 W. Va. 93. If the railroad company would excuse itself from liability for damages resulting from fire communicated by one of its locomotives it is incumbent upon it to show that it has complied with these requirements. *Jacobs* v. *R. R. Co.,* 68 W. Va. 618; *Wilson* v.

*Bush,* 70 W. Va. 26; *Mills* v. *Ry. Co.,* 73 W. Va. 93; *Mc-Laughlin* v. *R. R. Co.,* 75 W. Va. 287.

In this case the defendant company contends that it is shown by uncontradicted testimony that it was guilty of no negligence in these respects, and therefore, even if it can be said that the fire originated from sparks cast off by one of its locomotives, it is shown that there was no negligence upon its part, and the court should have sustained its demurrer to the evidence. It may be said that the evidence shows satisfactorily that both of the locomotives used on this occasion were equipped with approved spark arresters. It is also shown by competent parties who inspected these engines before leaving the terminal on this trip that the ash pan and spark arresters and the apparatus from the operation of which danger from fire would likely occur were in good condition, and it is likewise shown that an inspection was made of the same apparatus at the end of the trip, and the same was found to be in good condition. The enginemen in charge of these two engines are shown by their own testimony to be men of experience in the operation and conduct of locomotives, and it appears from their testimony that they were competent. This is also attempted to be shown by the conductor who testified that in his opinion they were competent men. Opinions are also given as to the competency of the firemen on these engines at that time. It is contended that these opinions were not competent and could not be treated as proof of competency. It is insisted that in the decision of this court in the case of *Purkey* v. *Southern Coal Co.,* 57 W. Va. 595, it is held that the competency of a servant for a particular employment cannot be shown by the opinion of witnesses, inasmuch as this would simply be a conclusion of the witnesses testifying. Where for the proper performance of the duties of a particular employment technical knowledge or mechanical skill is required, the jury, in order to determine whether or not a particular man is competent for the performance of the duties of such employment, must have the opinion or conclusion of somebody upon the question. The jurors do not know to what extent the proper exercise of the duties of such employment requires the posses-

sion of technical knowledge or mechanical skill. It may be said that a witness testifying could tell the jury the manner in which the particular employe whose competency is being tested performs his work, and then could tell the jury the manner in which the work should be performed. This would be no more than his opinion, however, in so far as the question of how the work should be performed is concerned, and it would be no less a conclusion or an opinion of the witness than having him to state in the first instance, after showing his acquaintance with the work of the servant whose competency is in question, and his capacity to testify upon the question involved, that such employe was or was not competent for the service. One of the grounds upon which such testimony is admitted is that jurors are not ordinarily possessed of the technical knowledge or mechanical skill necessary to determine the question for themselves. The statement that the particular employe is competent or is incompetent for a particular service is no more the statement of a conclusion than many other things which are allowed to be admitted in evidence. The witness gives his judgment to the jury based upon his knowledge of the particular employe, his opportunities of observing his conduct while engaged in the employment, and the jury can believe this or not believe it, as it may seem to them borne out by the other evidence and circumstances introduced in the case. In order, however, to make such testimony competent it would be necessary for the witness testifying to show that he himself is acquainted with the manner of doing this particular work, that he possesses the technical knowledge and mechanical skill required therefor, and, possessing this knowledge, he must either testify from his observation of the manner of doing the work by the servant whose competency is in question, or from a hypothetical statement as to such servant's method of performing the work. When these conditions exist such testimony would be of material assistance to the jury in arriving at a correct conclusion, and its admission is justified both upon principle and authority. 3 Wigmore on Evidence, §1918 et seq.; 17 Cyc. 209 and 241; 11 R. C. L. 615; *Graham* v. *Pennsylvania Co.*, 12 L. R. A. (Penn.) 293;

*Johnson* v. *Caughren,* 55 Wash. 125; 19 Am. & Eng. Ann. Cases, 1148 and note; *Hot Springs Lumber & Mfg. Co.* v. *Revercomb,* 110 Va. 240; *Lewis* v. *Emery,* 108 Mich. 641. Many other authorities might be cited to the same effect, but these are sufficient to illustrate the principle.

The language used by the court in the second point of the syllabus in the case ·of *Purkey* v. *Southern Coal & Transportation Company,* 57 W. Va. 595, might be broad enough to exclude such evidence in all cases, but we must interpret the declaration there made in connection with the facts in that case. An examination of that record discloses the fact that the witnesses who were allowed to give their opinions as to the incompetency of the mine boss either had no knowledge of mining themselves, or had no knowledge or information as to the methods used by the mine boss whose competency was attacked. Certainly such witnesses were incompetent to give an opinion upon the question. The question involved there was the admissibility of the opinion of one not possessing technical knowledge or not having information as to the method of doing the work by the servant whose competency is complained of, and ·it may generally be said, as was said in that case, that the opinion of such a witness as to the competency or incompetency of an employe is not evidence. It proves nothing. That doctrine has application to some of the evidence introduced in this case. The conductor of the train is introduced to prove that the enginemen in charge of the two locomotives were competent and skillful enginemen. This conductor, while he shows that he has known these two enginemen for a considerable time, and knows that they are experienced enginemen, does not show that he knows anything about running an engine, that he possesses the technical knowledge or mechanical skill necessary to the proper operation of one, or that he is acquainted with the manner of the two enginemen in operating locomotives. Such being the case, his opinion would be of no assistance to the jury, and it cannot be said that it proves anything. However, the enginemen show by their own testimony that they have been engaged in that occupation for many years, and it sufficiently appears that they are compe-

tent and skillful men in their employment.    Each of them also testifies that he was operating his engine in a careful and proper manner on the occasion that it is charged the sparks which caused the fire were emitted therefrom.    One of these enginemen likewise testifies that his fireman was a competent fireman, and was on this occasion performing his duties in a careful and proper manner, and he shows that he was competent to testify to this fact.    The other engineman shows by his testimony that he did not know whether his fireman was competent or not except from the fact that he had been in the service of the company for some time; he does not show that he knew from his own observation of the fireman's method of working that he was a competent fireman or otherwise, and neither does he testify that his fireman was on the occasion referred to performing his duties in a skillful and proper manner.

In *McLaughlin* v. *Ry. Co.*, 75 W. Va. 287, it was held that proof that the engineman was careful and was properly performing his duties at the time of the fire was not sufficient, but that there must be proof that the fireman was also not negligent at that time.    Such proof is lacking in this case in regard to the fireman on one of the locomotives, and to this extent at least the defendant has failed to repel the presumption of negligence.

The judgment complained of is affirmed.

*Affirmed.*